**Nelson and Virginia DUNN, Plaintiffs and Appellants,**

v.

**Jessie KELLY, American Legion Post No. 66, The Directors and Managers of American Legion Post No. 66, Defendants and Respondents.**

No. 18762.

Supreme Court of Utah.

Dec. 28, 1983.

Martin V. Gravis, Merlin G. Calver, Ogden, for plaintiffs and appellants.

Robert A. Echard, Ogden, Clifford C. Ross, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

The appellants' complaint for damages for wrongful death was dismissed by the district court on the ground that it was barred by the applicable statute of limitations. The appellants are the parents of Nelson Dunn, Jr., who died in April of 1979 after being shot by the respondent Kelly on the premises of the respondent American Legion Post No. 66.

A timely suit for wrongful death was filed by a guardian ad litem on behalf of Brandunn Lavall Waiters, who claimed to be the natural son of the decedent. That action was dismissed in February of 1982 after it was established that Brandunn Waiters was not in fact the child of the decedent and therefore not eligible for a wrongful death recovery. The complaint in this action was filed in June of 1982, beyond the two-year period of limitation for

wrongful death set forth in U.C.A., 1953, § 78–12–28(2).

The appellants argue that they are entitled to the benefit of the extension periods of limitation contained in U.C.A., 1953, § 78–12–40, which states:

Effect of failure of action not on merits. If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff, or if he dies and the cause of action survives, his representatives, may commence a new action within one year after the reversal or failure.

Because their suit is based upon their status as the decedent's statutory heirs, the appellants claim they should be treated as if they occupied the position of the plaintiff (who also claimed to be a statutory heir) in the earlier lawsuit and therefore permitted to maintain this claim under the saving statute.

There is no basis in the statute for the construction the appellants urge upon us. The statute clearly says "the plaintiff or if he dies ... his representatives." In *Thomas v. Braffet's Heirs*, 6 Utah 2d 57, 305 P.2d 507 (1956), this Court construed the term "plaintiff" to include any party to the original lawsuit who had affirmatively sought relief therein, thus giving a defendant-counterclaimant the benefit of its provisions. The Court said:

We think, however, that the purpose behind the statute is plain and that the legislature intended that anyone who had a cause in litigation which was dismissed for some reason "otherwise than upon the merits" should have a reasonable time, which it set as one year, to reassert and attempt to establish his rights in court.... We think that the word "plaintiff" as used in this section was meant to include not only the party who brings the action, but any party who

affirmatively seeks relief ... *in this and the prior action.*

*Id.* at 62, 305 P.2d at 510–11 (citations omitted) (emphasis added). The appellants concede they sought no relief and in fact were not parties to the prior action. They also concede they have no legal relationship to the original plaintiff, Brandunn Waiters, although they believed him to be their grandchild during their deceased son's life and still claim familial ties and affection. Absent any identity or legal relationship between these appellants and the plaintiff in the first suit, it is impossible for this Court to apply § 78–12–40 to them. They simply had no interest in the first suit and are now barred from litigating their interest in this case because it is not timely asserted.

There are assertions in the appellants' brief and arguments that they attempted to have the complaint in the first lawsuit amended to substitute themselves as parties when it became clear that Brandunn Waiters was not the deceased's child.[1] The appellants represent that the trial judge denied their motion, instructing them to file a separate suit. These representations are not matters of record in this case and, even if true, merely establish that the appellants had an opportunity to assert their claim in a timely fashion, but lost it through their failure to appeal from the denial of their motion to amend. We can do nothing to rectify that loss in this case without ignoring the clear language and intent of our statute.

The judgment of dismissal is affirmed. No costs awarded.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.

---

**1.** That fact was apparently established by blood and tissue-typing tests.