**Randi HEBERTSON, Plaintiff and Appellant,**

v.

**WILLOWCREEK PLAZA, Defendant and Appellee.**

No. 940223–CA.

Court of Appeals of Utah.

May 11, 1995.

Brian S. King, Salt Lake City, for plaintiff and appellant.

John Clyde Hansen, Salt Lake City, for defendant and appellee.

Before BENCH, GREENWOOD and WILKINS, JJ.

OPINION

GREENWOOD, Judge:

Randi Hebertson appeals the trial court's order dismissing her personal injury action against Willowcreek Plaza. We affirm.

BACKGROUND

In December 1984, Valley Bank and Trust Company (Valley Bank) advanced a $3.5 million construction loan to Willow Creek Shopping Village, Ltd. (the Shopping Village) for the construction of Willowcreek Plaza. Pursuant to a Participation Agreement, Valley Bank sold an eighty percent interest in the loan to Dime Savings Bank of New York (Dime Savings).

The Shopping Village defaulted on the loan and Valley Bank foreclosed, subsequently obtaining a certificate of sale and sheriff's deed to the property. Valley Bank's title to the property was subject to provisions of the Participation Agreement which stated that, in case of foreclosure, title would be taken in the name of the Lender, Valley Bank, and the Participant, Dime Savings. Valley Bank thereafter leased the premises to various tenants. All the leases were executed by Valley Bank as landlord in the name of "Valley Bank and Trust Company."

On November 24, 1992, Hebertson filed suit against Willowcreek Plaza, alleging that she slipped and fell on the premises while walking to her chiropractor's office. A copy of the summons and complaint was served on Willowcreek Plaza, L.C. The trial court subsequently dismissed Hebertson's complaint ruling that Willowcreek Plaza, L.C., did not own Willowcreek Plaza at the time of Hebertson's alleged accident, and that those

who did, Valley Bank and Dime Savings, had not been served with process.

Hebertson refiled her complaint on September 17, 1993, again naming only Willowcreek Plaza as defendant. A copy of the summons and refiled complaint was served on Valley Bank. Valley Bank subsequently filed a motion to dismiss on the ground that it was not doing business with Dime Savings under the name Willowcreek Plaza. The trial court granted the motion and this appeal followed.

## ISSUE ON APPEAL

The sole issue on appeal is whether the trial court erred in ruling that Valley Bank and Dime Savings were not doing business under the name Willowcreek Plaza and thus could not be sued under that name.

## STANDARD OF REVIEW

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[1] Utah R.Civ.P. 56(c). In reviewing a motion for summary judgment, this court will consider "all of the facts and evidence presented, and every reasonable inference arising therefrom, in a light most favorable to the party opposing the motion." *Katzenberger v. State*, 735 P.2d 405, 408 (Utah App.1987). Further, because summary judgment presents only questions of law, this court accords no deference to the trial court's ruling and reviews it for correctness. *Mumford v. ITT Commercial Fin. Corp.*, 858 P.2d 1041, 1043 (Utah App.1993).

## ANALYSIS

Hebertson asserts that the trial court erred in dismissing her suit. She argues that Valley Bank and Dime Savings were doing business as "Willowcreek Plaza" and were subject to suit under that name.

Rule 17(d) of the Utah Rules of Civil Procedure states:

When two or more persons associated in any business either as a joint-stock company, a partnership or other association, not a corporation, transact such business under a common name, whether it comprises the names of such associates or not, they may sue or be sued by such common name.

Valley Bank and Dime Savings concede that they were doing business together at the time of Hebertson's accident. Thus, the issue is whether Valley Bank and Dime Savings were doing business under the common name Willowcreek Plaza.

Hebertson asserts that *Cottonwood Mall Co. v. Sine*, 767 P.2d 499 (Utah 1988), is dispositive of this issue. In *Cottonwood Mall*, Cottonwood Mall Company, a joint venture, brought an action to recover possession of space in the mall. The defendant claimed that under an earlier version of Rule 17, a joint venture could not sue in its common name, but rather was required to sue in the individual members' names. *Id.* at 499–500. The Utah Supreme Court disagreed and determined that a joint venture could sue in its common name. *Id.* at 501. However, whether the individual members of the joint venture were conducting business under a common name was never at issue in the case and was not addressed by the court. Therefore, *Cottonwood Mall* is inapposite to this case.

In fact, no Utah statutes or cases have defined what constitutes transacting business under a common name pursuant to Rule 17(d). However, for jurisdictional purposes, non resident corporations are considered to be doing business in Utah if they negotiate and enter into contracts within the state. *Radcliffe v. Akhavan*, 875 P.2d 608, 611 (Utah App.1994). Other factors in determining whether an entity is doing business in the state and thus is subject to its jurisdiction include: (1) whether there are local offices in the state; (2) the presence of employees in the state; (3) how the business holds itself out to the public; (4) the presence of real or personal property in the state. *Hill*

---

1. The motion to dismiss was based on both Rule 12(b) and Rule 56 of the Utah Rules of Civil Procedure. However, as conceded by the parties at oral argument, because the trial court consid-

ered more than just the pleadings in its determination, its ruling is best characterized as a grant of summary judgment.

*v. Zale Corp.*, 25 Utah 2d 357, 482 P.2d 332, 334 (1971). Thus, if two or more entities together negotiate and enter into contracts, have offices, hire employees, or own property in this state, they are within the jurisdiction of Utah courts. If they also transact such business under *a common name*, then, pursuant to Rule 17(d), those entities could be subject to suit under that name.

Courts in other jurisdictions have addressed such situations. For example, in *Howell v. Coca–Cola Bottling Co.*, 595 S.W.2d 208 (Tex.Ct.App.1980), the Texas Court of Appeals held that under Rule 28 of its Rules of Civil Procedure,[2] an entity, such as a joint venture or partnership, may be sued in the name in which it "represents itself to the public." *Id.* at 211. The rule, however, did not permit suit in that case because the corporations were not doing business under any assumed name. *Id.* at 212. Further, in *Askew v. Joachim Memorial Home*, 234 N.W.2d 226 (N.D.1975), the North Dakota Supreme Court found that under its version of Rule 17(d) a voluntary charitable association could be sued under its common name "Joachim Memorial Home." The court found that the association had held itself out to the public under that name, and under that name had hired employees, accumulated funds, held and acquired real estate, loaned money, etc. *Id.* at 235–36. Further, the court found that the association, through its bylaws, had made it clear that it was a legal entity separate from its individual members. *Id.* at 236.

█ In this case, however, there is insufficient evidence that Valley Bank and Dime Savings transacted business or held themselves out to the public *under the common*

*name of Willowcreek Plaza*. Concededly, the financial institutions transacted business together in loaning money to the developers of the Willowcreek Plaza property and subsequently foreclosing on the property. Thereafter, leases to various parties occupying the property were all signed by Valley Bank as the lessor. "Willowcreek Plaza" was merely the name given to the property, not the name under which Valley Bank and Dime Savings conducted business. While no Utah cases squarely address this issue, we conclude that the mere name accorded a piece of property does not constitute doing business under that name for purposes of Rule 17(d). Thus, based on the uncontroverted evidence in the record, the trial court did not err in its conclusion that Valley Bank and Dime Savings did not conduct any business under the common name Willowcreek Plaza. Therefore, we find no error in the trial court's grant of summary judgment dismissing Hebertson's action.

## CONCLUSION

Valley Bank and Dime Savings were not doing business under the common name Willowcreek Plaza. Therefore, we affirm the trial court's dismissal of Hebertson's action against Willowcreek Plaza.

BENCH, and WILKINS, JJ., concur.

---

2. Rule 28 of the Texas Rules of Civil Procedure states:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on motion by any party or on the court's own motion the true name may be substituted.