**UTAH SIGN, INC., a Utah corporation, Plaintiff and Appellant,**

v.

**The UTAH DEPARTMENT OF TRANSPORTATION, Defendant and Appellee.**

No. 940257.

Supreme Court of Utah.

May 25, 1995.

Tom D. Branch, Salt Lake City, for plaintiff.

Jan Graham, Atty. Gen., Ralph L. Finlayson, Asst. Atty. Gen., Salt Lake City, for defendant.

RUSSON, Justice:

Plaintiff Utah Sign, Inc., appeals from the district court's order dismissing its complaint for lack of subject matter jurisdiction pursuant to Utah Rule of Civil Procedure 12(b)(1). We affirm.

In May 1992, Utah Sign submitted an application to defendant Utah Department of Transportation (UDOT) for a permit to erect a sign at 2995 South Davis Drive in Salt Lake County, Utah. UDOT denied the application, stating that no sign would be allowed at the proposed location. A formal administrative hearing was held on March 25, 1993, to review UDOT's determination.

On April 9, 1993, the officer who had presided over the administrative hearing issued an order denying Utah Sign's application on the ground that "[t]he sign application is for a location that is not lawful for outdoor advertising signs under Utah Code Ann. § 27–12–136.5(2)(c) (Supp.1992) and Utah Code Ann. § 27–12–136.3(10) (1989)." The order further stated, "Petitioner has a right to judicial review of a final order before the appropriate court under Utah Code Ann. § 63–46b–16 (1989)." Thus, the order, while based on sections 27–12–136.3(10) and 27–12–136.5(2)(c) of the Utah Outdoor Advertising Act (the Advertising Act), indicated that judicial review was governed by Utah Code Ann. § 63–46b–16 of the Utah Administrative Procedures Act (UAPA).

Section 63–46b–16(1) of UAPA provides that "*the Supreme Court or the Court of Appeals* has jurisdiction to review all final agency action resulting from formal adjudicative proceedings." *Id.* (emphasis added). Nonetheless, instead of seeking review pursuant to section 63–46b–16, Utah Sign filed a complaint in district court seeking de novo review of the denial of its sign application. It maintained that judicial review in this case was governed by Utah Code Ann. § 27–12–136.9(4)(a) of the Advertising Act inasmuch as that section provides, "The district courts shall have jurisdiction to review by trial de novo all final orders of the Department of Transportation under this section resulting from formal and informal adjudicative proceedings." *Id.*

UDOT moved to dismiss the complaint on the basis of Utah Sign's failure to seek review in either the supreme court or the court of appeals as required by UAPA. On January 31, 1994, the district court granted UDOT's motion, concluding that it lacked subject matter jurisdiction over the action. The district court determined that section 27–12–136.9(4)(a) of the Advertising Act did not apply in this case because that section "does not relate to sign applications, such as the sign application in this case, but, rather, governs signs already in existence and the removal of such signs." Therefore, the district court concluded that only the supreme court or the court of appeals had jurisdiction under section 63–46b–16 of UAPA to review UDOT's administrative order.

Utah Sign appeals, arguing that the district court erred in determining that section 27–12–136.9(4)(a) of the Advertising Act does not govern judicial review of the order in this case and therefore it lacked subject matter jurisdiction over the action. Utah Sign maintains that section 27–12–136.9(4)(a) specifically provides for district court de novo review of UDOT's administrative order. UDOT disagrees, asserting that 63–46b–16 of UAPA governs judicial review of the order in question and that on the basis of that section's provisions, the district court correctly determined that it lacked subject matter jurisdiction over the action.

■ The propriety of the dismissal hinges on the correct interpretation of section 27–12–136.9 of the Advertising Act. Whether a district court properly interpreted a statute presents a question of law which we review for correctness. *See Barnard v. Utah State Bar,* 857 P.2d 917, 919 (Utah 1993).

■ When interpreting statutes, this court is guided by the long-standing rule that a statute should be construed according to its plain language. *Brinkerhoff v. Forsyth,* 779

P.2d 685, 686 (Utah 1989); *accord Allisen v. American Legion Post No. 134,* 763 P.2d 806, 809 (Utah 1988). Thus, where the statutory language is plain and unambiguous, we will not look beyond it to divine legislative intent. *Brinkerhoff,* 779 P.2d at 686. Moreover, "[u]nambiguous language in the statute may not be interpreted to contradict its plain meaning." *Bonham v. Morgan,* 788 P.2d 497, 500 (Utah 1989) (per curiam).

Section 27–12–136.9 provides:

(1) Outdoor advertising is unlawful when:

(a) erected after May 9, 1967, contrary to the provisions of this chapter;

(b) a permit is not obtained as required by this chapter;

(c) a false or misleading statement has been made in the application for a permit that was material to obtaining the permit; or

(d) the sign for which a permit was issued is not in a reasonable state of repair, is unsafe, or is otherwise in violation of this chapter.

. . . .

(4)(a) The district courts shall have jurisdiction to review by trial de novo *all final orders of the Department of Transportation under this section* resulting from formal and informal adjudicative proceedings.

Utah Code Ann. § 27–12–136.9(1), (4)(a) (emphasis added).

Utah Sign argues that the denial of its sign permit application falls within section 27–12–136.9, notwithstanding the fact that UDOT's order denying its application was solely predicated on two other distinct sections of the Advertising Act, namely, sections 27–12–136.5(2)(c)(i) and 27–12–136.3(10).[1] It argues that because its sign, if erected, would constitute unlawful outdoor advertising and section 27–12–136.9 pertains to unlawful outdoor advertising, it should receive the judicial review provided for by that section.

■ However, Utah Sign misreads section 27–12–136.9. The section clearly deals with existing structures that are being used for advertising and specifies four instances in which advertising is unlawful under that section. In the case at bar, none of the four circumstances exist which would bring the provisions of section 27–12–136.9 into play. Initially, this section prohibits a party from erecting a sign after May 9, 1967, in contravention of the Advertising Act or engaging in outdoor advertising without having first obtained a permit from UDOT. Utah Code Ann. § 27–12–136.9(1)(a), (b). Neither of these prohibitions is applicable in this case; there is no existing structure which Utah Sign has erected, nor is Utah Sign presently engaging in outdoor advertising without the benefit of a permit. Additionally, the section forbids a party from obtaining a permit by providing false or misleading material information on the permit application and sanctions a party who fails to keep a permitted sign in a reasonable state of repair or allows it to become unsafe. Utah Code Ann. § 27–12–136.9(1)(c), (d). Again, these provisions are inapplicable inasmuch as Utah Sign has never obtained a permit nor does it have a permitted sign which it has allowed to become unsafe. Therefore, Utah Sign does not fit within this particular section of the Advertising Act, which deals solely with existing outdoor advertising structures. Accordingly, the judicial review provided for by section 27–12–136.9, which is strictly limited to orders based on that section, has no application to this action.

■ The Utah Administrative Procedures Act delineates the appropriate avenue for judicial review of this order. UAPA specifically states:

---

1. Section 27–12–136.5(2)(c)(i) states:

[S]igns may not be located on an interstate highway or limited access highway on the primary system within 500 feet of an interchange, or intersection at grade, or rest area measured along the interstate highway or freeway from the sign to the nearest point of the beginning or ending of pavement widening at the exit from or entrance to the main-traveled way.

Utah Code Ann. § 27–12–136.5(2)(c)(i). Section 27–12–136.3(10) then defines "interchange or intersection" as "those areas and their approaches where traffic is channeled off or onto an interstate route, including the deacceleration [sic] lanes or acceleration lanes from or to another federal, state, county, city, or other route." Utah Code Ann. § 27–12–136.3(10).

*[E]xcept as otherwise provided by* a statute superseding provisions of this chapter by explicit reference to this chapter, *the provisions of this chapter apply to every agency of the state of Utah and govern:*

    (a) all state agency actions that determine the legal rights, duties, privileges, immunities, or other legal interests of one or more identifiable persons, including all agency actions to grant, deny, revoke, suspend, modify, annul, withdraw, or amend an authority, right or license; and

    (b) *judicial review of all such actions.*

Utah Code Ann. § 63–46b–1(1) (emphasis added). Because neither section 27–12–136.5 nor section 27–12–136.3 explicitly provides any exception to the procedures of UAPA, the judicial review provisions of UAPA govern Utah Sign's appeal.

■ Judicial review of the administrative order denying Utah Sign's application, which was the result of a formal adjudicative proceeding, is clearly governed by section 63–46b–16(1) of UAPA. That section provides that "the Supreme Court or the Court of Appeals has jurisdiction to review all final agency action resulting from formal adjudicative proceedings." *Id.* Accordingly, the district court properly dismissed Utah Sign's complaint for lack of subject matter jurisdiction.[2]

On the basis of the foregoing, we affirm the district court's order dismissing Utah Sign's complaint for lack of subject matter jurisdiction.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.

---

**2.** Utah Sign also argues that sections 27–12–136.3, 27–12–136.5, and 27–12–136.9 are actually subsections of the same section and therefore the judicial review provisions of 27–12–136.9(4)(a) apply to orders based on 27–12–136.3 and 27–12–136.5. This argument is without merit. A quick glance at the index to title 27, chapter 12 of the Utah Code reveals that 27–12–136.3, 27–12–136.5, and 27–12–136.9 are each listed as separate sections. Moreover, the users guide that appears in volume 1A of the 1991 edition of the Utah Code explains the Code's numbering system and confirms that these are, indeed, three separate sections. 1A Utah Code Ann. User's Guide xi (1991). Consequently, this argument fails. We have considered Utah Sign's other arguments as well and conclude that they are likewise without merit.