1999 Utah Ct. App. 342

**Randi HEBERTSON, Plaintiff and Appellant,**

v.

**BANK ONE, UTAH, N.A., fka Valley Bank & Trust Company; et al., Defendants and Appellees.**

**No. 980226–CA.**

Court of Appeals of Utah.

Dec. 2, 1999.

Timothy C. Houpt, Jones Waldo Holbrook & McDonough, Salt Lake City, for Appellant.

Daniel L. Steele, Bennett Tueller & Johnson, and John Clyde Hansen, Petersen & Associates, Salt Lake City, for Appellees.

Before WILKINS, P.J., and JACKSON and ORME, JJ.

## OPINION

ORME, Judge:

¶ 1 Plaintiff Randi Hebertson appeals the trial court's award of summary judgment in favor of defendants Bank One, Utah, formerly known as Valley Bank & Trust Company (Bank One), and Dime Savings Bank of New York, FSB (Dime Savings). Because we conclude that the savings statute, Utah Code Ann. § 78–12–40 (1996), permits a plaintiff to refile timely successive actions after each is dismissed, so long as the dismissal is not on the merits and the refiled action is substantially the same as the previous action, we reverse.

## BACKGROUND

¶ 2 "In reviewing a grant of summary judgment, we consider the facts in the light most favorable to the nonmoving party, here the appellant[ ]." *Parker v. Dodgion*, 971 P.2d 496, 496–97 (Utah 1998).

¶ 3 This appeal affords this court a second occasion to consider Ms. Hebertson's attempt to recover for injuries sustained in 1988. On December 31 of that year, while accompanying her daughter to an appointment at Willowcreek Plaza, a professional office complex in Salt Lake County, Hebertson slipped and fell on some ice, sustaining an injury to her back that required multiple surgeries. Within the next three days, Hebertson contacted the building manager, who referred her to the building's insurance carrier, State Farm Insurance. Having been unable to reach a settlement of her claim with the insurer, Hebertson filed a complaint against "Willowcreek Plaza" approximately one month before the statute of limitations was to expire and served process upon a manager employed by Willowcreek Plaza, L.C. As it turned out, however, although Willowcreek

Plaza, L.C. owned the office complex when the complaint was filed, at the time of the accident it was owned by Bank One and Dime Savings, which had acquired it by foreclosure.[1]

¶4 On the motion of Willowcreek Plaza, L.C., the trial court dismissed this first action without prejudice. Relying on the savings statute in Utah Code Ann. § 78-12-40 (1996), Hebertson filed a second complaint, again naming "Willowcreek Plaza" in the caption as the defendant, but naming in the body of the complaint and serving Bank One and Dime Savings. *See Hebertson v. Willowcreek Plaza*, 923 P.2d 1389, 1391 (Utah 1996). Bank One and Dime Savings contended they could not be sued under the name Willowcreek Plaza and moved to dismiss. The trial court granted the motion. *See id.* Although Hebertson objected to dismissal of this action, she did not move to amend the complaint to conform the parties named in the caption to those described in the complaint's body. Rather, she insisted that Bank One and Dime Savings were doing business under the name Willowcreek Plaza and thus could be sued under that name. *See id. See generally* Utah R. Civ. P. 17(d). In *Hebertson v. Willowcreek Plaza*, 895 P.2d 839, 841 (Utah Ct.App.1995), this court rejected that contention and upheld the dismissal. The Utah Supreme Court affirmed our decision.[2] *See Hebertson v. Willowcreek Plaza*, 923 P.2d 1389, 1392 (Utah 1996).

¶5 Within a year of the Supreme Court's affirmance of the second complaint's dismissal, and again relying on the savings statute, Hebertson filed her fourth complaint, naming Bank One and Dime Savings as defendants in both the caption and body. On June 16, 1997, Bank One and Dime Savings were served with a summons and a copy of this fourth complaint. Bank One and Dime Savings moved to dismiss this action under Rule 12(b)(6), Utah Rules of Civil Procedure, arguing that the savings statute did not apply beyond a single refiling and the action was therefore barred by the statute of limitations. Hebertson opposed the motion, arguing that the savings statute allows multiple refilings. Because it considered matters outside the pleadings, the trial court correctly treated the motion as one for summary judgment, *see* Utah R. Civ. P. 12(b), 56(c); *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 838 n. 3 (Utah 1996), and granted summary judgment in favor of Bank One and Dime Savings. The trial court ruled that the savings statute allows only a single refiling and that even if multiple refilings were allowed, Hebertson could not include new defendants in the refiled action. Hebertson again appeals.

## STANDARD OF REVIEW

¶6 " 'Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.' Because the question of whether summary judgment is appropriate is a question of law, we accord no deference to the trial court." *Parker v. Dodgion*, 971 P.2d 496, 497 (Utah 1998) (quoting *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993)).

## MULTIPLE REFILINGS UNDER THE SAVINGS STATUTE

¶7 This case squarely presents us for the first time with the issue of whether the savings statute permits a plaintiff to file more than one new action after a dismissal not on the merits.[3] To resolve this issue we

---

1. At oral argument in this appeal, counsel for defendants confirmed that defendants and Willowcreek, L.C. had the same insurer and attorney.

2. After dismissal of the second complaint, Hebertson again relied on the savings statute and filed a third complaint, naming Bank One and Dime Savings in the caption as defendants. However, electing to appeal the second complaint's dismissal, Hebertson never served and, ultimately, voluntarily dismissed the third complaint.

3. Although in *Meadow Fresh Farms, Inc. v. Utah State University*, 813 P.2d 1216 (Utah Ct.App. 1991), this court intimated that section 78-12-40 may not permit successive refilings, *see id.* at 1221 n. 10, we concluded the issue was not ripe for adjudication and expressly stated "it would not be proper for this court to render a definitive opinion on the permissibility of refiling an action under Utah Code Ann. § 78-12-40 more than once." *Id.* at 1220-21.

must construe Utah Code Ann. § 78–12–40 (1996).

¶ 8 "In matters of statutory construction, '[t]he best evidence of the true intent and purpose of the Legislature in enacting [an] Act is the plain language of the Act.'" *Platts v. Parents Helping Parents,* 947 P.2d 658, 662 (Utah 1997) (quoting *Jensen v. Intermountain Health Care, Inc.,* 679 P.2d 903, 906 (Utah 1984)). *See also Sierra Club v. Utah Solid & Hazardous Waste Control Bd.,* 964 P.2d 335, 345 (Utah Ct.App. 1998) ("'[W]here the statutory language is plain and unambiguous, [the court] will not look beyond it to divine legislative intent.'") (quoting *Utah Sign, Inc. v. Utah Dep't of Transp.,* 896 P.2d 632, 633–34 (Utah 1995)). Moreover, we "assume that 'each term in the statute was used advisedly.'" *Id.* (quoting *Savage Indus., Inc. v. State Tax Comm'n,* 811 P.2d 664, 670 (Utah 1991)).

¶ 9 The Utah savings statute provides:

> If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff, or if he dies and the cause of action survives, his representatives, may commence a new action within one year after the reversal or failure.

Utah Code Ann. § 78–12–40 (1996). By beginning with the word "if," the statute suggests a set of conditions will follow.[4] It then recites conditions, the occurrence of which invokes the application of the statutory consequences. The conditions are: (1) "any action is commenced within due time and a judgment thereon for the plaintiff is reversed;" or (2) "the plaintiff fails in such action[—i.e., any action commenced within due time—]or upon a cause of action otherwise than upon the merits;" and (3) the applicable limitations period has expired. *Id. See also Hansen v. Department of Fin. Insts.,* 858 P.2d 184, 187 (Utah Ct.App.1993) (holding savings statute did not apply where action was dismissed within original limitations period).

¶ 10 Because the first two conditions were drafted in the disjunctive, Hebertson need only satisfy one of them and the third condition for the statute to apply. The third condition was clearly satisfied here because the limitations period had long since expired. *See Hebertson,* 923 P.2d at 1390. Because there was no reversal of a judgment for Hebertson, and thus the first condition does not apply, if Hebertson satisfies the second alternative condition—i.e., that "the plaintiff fails in [any action commenced within due time] otherwise than upon the merits"—the savings statute applies. Here, because the trial court dismissed the second complaint without prejudice, the action did not fail on the merits. The question remains whether it was filed "within due time." If it was, the action commenced with plaintiff's fourth complaint was timely because it was filed within one year of the Utah Supreme Court's affirmance of the dismissal of plaintiff's second complaint. If the second action was not filed "within due time" for purposes of the savings statute, plaintiff had no right to file the fourth complaint.

¶ 11 Our Supreme Court has already held that, for purposes of the savings statute, an action is "commenced" when the new complaint is filed. *See Muir v. W.H. Burt Explosives, Inc.,* 851 P.2d 645, 647 (Utah 1993). Further, the term "within" denotes "on the inside or on the inner side" and "inside the bounds of a place or region," *Webster's Third New International Dictionary* 2627 (1976), while "due" refers to that which is "[j]ust; proper; regular; lawful; sufficient." *Black's Law Dictionary* 499 (6th ed.1990). Hence, an "action commenced within due time" refers to an action filed inside the period of time authorized by law.

¶ 12 Defendants would have us equate "action commenced within due time" narrowly, i.e., as being an action commenced within the

---

4. For example, Webster's defines "if" as synonymous with "in the event that: in case" and "so long as: on condition that." *Webster's Third New International Dictionary* 1124 (1976). *Cf. Black's Law Dictionary* 746 (6th ed. 1990) ("In deeds and wills, this word, as a rule, implies a condition precedent[.]").

time allowed by the applicable statute of limitations. This view overlooks that the savings statute itself establishes a time frame within which to file an action, indeed, an action that would be untimely under the statute of limitations. Accordingly, we believe that Hebertson's second action was "commenced within due time" when she filed it within the year authorized by the savings statute.

¶ 13 The plain language of section 78–12–40 is simply no bar to serial recourse to the savings statute. Therefore, Hebertson's fourth action was timely because it was brought within one year of the failure, not on the merits, of her second action, which had been filed "within due time" under the savings statute. Simply stated, if the Legislature meant to limit the savings statute to a single use per cause of action, it would have avoided general phraseology like "within due time" and stated its intention clearly, a simple thing to do. *See, e.g.,* Ga.Code Ann. § 9–2–61 (Supp.1998) (providing that "this privilege of renewal shall be exercised only once"); Tenn.Code Ann. § 28–1–105 (Supp. 1998) (authorizing refiling only for those actions that failed other than on the merits and were "commenced within the time limited by a rule or statute of limitation").[5]

¶ 14 Consistent with the dicta in *Meadow Fresh Farms, Inc. v. Utah State University,* 813 P.2d 1216 (Utah Ct.App.1991), *see supra* note 3, Bank One and Dime Savings argue that the statute's use of singular articles—i.e., "may commence *a* new action within one year after *the* reversal or failure"—contemplates only one refiling.[6] Utah Code Ann. § 78–12–40 (1996) (emphasis added). We believe such an inference is neutralized by the statute's prior reference to "*any* action ... commenced within due time." *Id.* (emphasis added). *See Webster's Third New International Dictionary* 97 (1976) (defining "any" as "one indifferently out of more than two[,] one or some indiscriminately of whatever kind" and stating it is "used as a function word esp[ecially] in interrogative and conditional expressions to indicate one that is not a particular or definite individual of the given category"). Although other courts have construed similar language to permit a plaintiff to file only one new action, *see United States Fire Ins. Co. v. Swyden,* 175 Okla. 475, 53 P.2d 284, 285–88 (1935) (holding that "commence a new action" did not authorize multiple refilings), such a result is not universal. *See Sharp Bros. Contracting Co. v. Westvaco Corp.,* 817 P.2d 547, 551 (Colo.Ct.App.) (noting that " 'a new action' [does not] mean only *one* new action") (emphasis added), *cert. de-*

5. We acknowledge that some courts in other states have reached the opposite conclusion when reviewing their own savings statutes. Nonetheless, because these decisions interpret statutes with language distinct from that in our savings statute, these interpretations are unpersuasive. *See, e.g., Estate of Pintavalle v. Valkanos,* 216 Conn. 412, 581 A.2d 1050, 1052–53 (1990) (holding that the multiple refilings expressly authorized by Connecticut's savings statute must all be made within one year of the failure of the first action, described by the statute as the "original action"); *Worley v. Pierce,* 211 Ga.App. 863, 440 S.E.2d 749, 750 (1994) (holding that by stating the "privilege of renewal shall be exercised only once," the savings statute permitted only one refiling); *Foster v. Pettijohn,* 358 Mo. 84, 213 S.W.2d 487, 490 (1948) (holding that its statute allowing refiling "from time to time, within one year" permitted multiple refilings, but not beyond the one-year savings period). We also recognize that other jurisdictions have determined that their statutes, which are more similar to Utah's, do not permit multiple refilings. *See, e.g., Sylvester v. Steinberg,* 152 Ill.App.3d 962, 105 Ill.Dec. 902, 505 N.E.2d 28, 29 (1987) (holding that the statute did not permit multiple refilings

although it "d[id] not contain express limitations on the number of voluntary dismissals and refilings available"); *Denton v. City of Atchison,* 76 Kan. 89, 90 P. 764, 765 (1907) (statute did not permit successive refilings after the initial one-year savings period); *Hull v. Rich,* 854 P.2d 903, 904 (Okla.1993) (statute permitted only one refiling). Nevertheless, we find these decisions ultimately unpersuasive, largely because they turn more on policy considerations than plain meaning. In Utah, courts are not so quick to veer from a statute's plain meaning and undertake a foray into the realm of policy. *See, e.g., Olsen v. Samuel McIntyre Inv. Co.,* 956 P.2d 257, 259 (Utah 1998) (" 'Only when we find ambiguity in the statute's plain language need we seek guidance from the legislative history and relevant policy considerations.' ") (quoting *World Peace Movement of Am. v. Newspaper Agency Corp.,* 879 P.2d 253, 259 (Utah 1994)).

6. Defendants do not address the rule of statutory construction in Utah Code Ann. § 68–3–12(1)(a) (Supp.1999), which provides that "[t]he singular number includes the plural, and the plural the singular."

*nied,* 817 P.2d 547, 1991 Colo. LEXIS 662 (Colo.1991).

¶ 15 We reject defendants' contention that our decision will make the course of lawsuits uncertain or open the floodgates on the stream of litigation. Plaintiffs have little natural interest in filing multiple unproductive actions or paying multiple filing fees. Moreover, the savings statute is limited to actions that are not resolved on the merits and to circumstances where an action was originally brought within the limitations period. Further, multiple refilings in cases such as these are rarely needed because generally plaintiffs will be given the opportunity to simply amend their complaints to remedy these kinds of deficiencies. *See* Utah R. Civ. P. 15(a), 21; *Sulzen v. Williams,* 977 P.2d 497, 501–02 (Utah Ct.App.1999) (concluding trial court abused its discretion in denying motion to amend complaint so that caption would name correct parties, which were described in body). Moreover, if any action is filed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," the party and/or counsel may be sanctioned. Utah R. Civ. P. 11(b)(1).

¶ 16 Because the Supreme Court's affirmance of the dismissal of Hebertson's second complaint occurred less than one year before Hebertson filed her fourth complaint, that complaint was timely under the savings statute. The terms of the savings statute do not include a "once per customer" limitation. Accordingly, the trial court erred in concluding that Hebertson's fourth complaint was barred by the statute of limitations.

---

7. Equally important as relying on the statute's plain language is the rule "that a statute should be construed as a whole, with all of its provisions construed to be harmonious with each other and with the overall legislative objective of the statute." *Nixon v. Salt Lake City Corp.,* 898 P.2d 265, 268 (Utah 1995). *See* Utah Code Ann. § 68–3–2 (1996) ("The statutes ... and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and to promote justice."); *State v. Redd,* 954 P.2d 230, 235 (Utah Ct.App.1998) ("[A]ny interpretation of statutory language that would nullify other statutory provisions is improper."); *Ferro v. Utah Dep't of Commerce,* 828 P.2d 507, 513–14 (Utah Ct.App.1992) (rejecting interpretation that would "rewrite the Act and impermissibly render [another section] a complete nullity"). Without the

## ADDITION OF "NEW" PARTIES

¶ 17 We now turn to Bank One and Dime Savings's argument that even if we permit successive refilings under the savings statute, Bank One and Dime Savings could not be added as new parties in the fourth action. Their general position in this regard has merit. Unlike statutes of limitation that provide a general time period in which a plaintiff may file any action arising out of a given occurrence, the savings statute affords a means only to renew the earlier action. Consequently, the "saving statute does not apply when the new action is brought against a different defendant than was the first one, or by a different plaintiff." 51 Am.Jur.2d *Limitation of Actions* § 318, at 820–21 (1970). *See Dunn v. Kelly,* 675 P.2d 571, 572 (Utah 1983) (holding that to invoke the savings statute, the party bringing the subsequent saved action must have been a "party to the original lawsuit who had affirmatively sought relief therein"). Thus, the refiled action is "new" only in the sense that it results from the filing of a different complaint. *See Black's Law Dictionary* 1042 (6th ed.1990) (explaining that "new" "ordinarily ... is a purely relative term and is employed in contrasting the date, origin, or character of one thing with the corresponding attributes of another thing of the same kind or class").[7]

¶ 18 However, the prevailing view is that the prior and refiled actions need only be substantially the same. Thus, "a change of parties does not preclude an application of

---

requirement that the claims be substantially the same, a lazy plaintiff could easily avoid the diligence that statutes of limitation are meant to promote by filing an action at the eleventh hour against anybody; then filing a notice of dismissal before service or obtaining a dismissal for failure to prosecute, using the extra time to figure out who to sue; and then filing a new complaint a year later. Such a result would eviscerate our statutes of limitation and undermine their purpose of "requir[ing] that claims be advanced while the evidence to rebut them is still fresh" and would burden courts and parties with "'stale' claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured." 51 Am.Jur.2d *Limitation of Actions* § 17, at 602–03 (1970).

the statute where the change is merely nominal or the interest represented in the renewed action [is] identical with that in the original action." 51 Am.Jur.2d *Limitation of Actions* § 318, at 821 (1970). This is consistent with the approach taken in a closely related context. When a pleading is amended after expiration of the limitations period, such amendment will relate back to the original filing if it "merely restates in a different form the cause of action originally pleaded." *Id.* § 234, at 787. *See Wilcox v. Geneva Rock Corp.*, 911 P.2d 367, 369 (Utah 1996). Because the basic inquiry is the same for determining whether a "change" in defendants is within the scope of the savings statute as it is for determining if such a change relates back under Rule 15(c), we adopt the same test.[8] That is, just as with the relation back of an amendment, a refiled action is substantially the same as the original and is thus authorized by the savings statute where the new and old "[p]arties have an identity of interest [such that] 'the real parties in interest were sufficiently alerted to the proceedings, or were involved in them unofficially, from an early stage.'" *Sulzen v. Williams*, 977 P.2d 497, 501 (Utah Ct.App.1999) (quoting *Doxey–Layton Co. v. Clark*, 548 P.2d 902, 906 (Utah 1976)). *See also Wilcox*, 911 P.2d at 369–70 (" '[A]n amendment which substitutes or adds new parties ... relat[es] back, as to both plaintiff and defendant, when new and old parties have an identity of interest; so it can be assumed or proved the relation back is not prejudicial.' ") (quoting *Doxey–Layton Co.*, 548 P.2d at 906).

¶ 19 We conclude, as a matter of law, that Bank One and Dime Savings had a sufficient identity of interest with Willowcreek Plaza and were sufficiently alerted to the proceedings resulting from the second complaint. Thus, the action commenced with the fourth complaint is substantially the same as that commenced with the second complaint and, therefore, is within the scope of section 78–12–40. In *Sulzen*, we held that the trial court abused its discretion in denying amendment to the complaint's caption to substitute

parties where the proper parties were named in the body of the complaint and served with process. *See Sulzen*, 977 P.2d at 501 (" ' "If the body of the complaint correctly identifies the party ... courts generally will allow an amendment under Rule 15 to correct technical defects in the caption." ' ") (quoting *Wilcox*, 911 P.2d at 370) (other citation omitted; omission in original). This case is remarkably similar. That is, notwithstanding the second complaint's caption, Bank One and Dime Savings were described as defendants in the body of the complaint and were actually served. This is sufficient notice to bring the fourth complaint within the savings statute as a matter of law.[9]

## CONCLUSION

¶ 20 We hold that the trial court erred in granting summary judgment in favor of defendants Bank One and Dime Savings. By its plain language, Utah Code Ann. § 78–12–40 (1996) allows a plaintiff to refile a new action each time a prior action fails other than on the merits, provided the new action is filed within one year of such failure. However, because the renewed action must be substantially the same as that in the prior action, new parties may be added only if, because of sufficient identity of interest, the addition is not prejudicial. In this case, Bank One and Dime Savings had such an identity of interest with Willowcreek Plaza and no prejudice is apparent. Therefore section 78–12–40 applies to Hebertson's fourth complaint notwithstanding the change in the caption. Accordingly, we reverse the summary judgment and remand the case for trial or such other proceedings as may now be appropriate.

¶ 21 WE CONCUR: MICHAEL J. WILKINS, Presiding Judge, and NORMAN H. JACKSON, Judge.

---

8. Significantly, both sides have applied Rule 15(c) analysis in their briefs, thus implicitly recognizing that this approach is appropriate.

9. Additional facts indicate Bank One and Dime Savings had actual notice and reinforce this con-

clusion. For example, Bank One and Dime Savings's insurance carrier had notice of Hebertson's claim and injuries only a few days after the incident and long before Hebertson filed any action.