**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BERTINA RAE OLSETH,

        Plaintiff-Appellant,

v.

MATTHEW D. LARSON,
an individual,

        Defendant-Appellee.

No. 04-4169
(D.C. No. 2:02-CV-1122-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **SEYMOUR**, and **MURPHY**, Circuit Judges.

Plaintiff Bertina Rae Olseth appealed from the district court's grant of summary judgment to defendant Matthew D. Larson on the grounds that her suit was barred by the applicable four-year statute of limitations. We determined that we have jurisdiction under 28 U.S.C. § 1291.[1] We certified a question of state

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The question regarding this court's jurisdiction over the appeal has been satisfied. Plaintiff's amended complaint dropped all parties to the second suit

(continued...)

law to the Utah Supreme Court and abated this appeal. Having received that court's answer to the certified question and the parties' supplemental briefs, we reverse the grant of summary judgment and remand the case to the district court for additional proceedings.

## I. FACTS AND PROCEDURAL HISTORY

While plaintiff was in the process of being arrested for a cocaine purchase on May 15, 1998, she was placed in the front seat of a police vehicle with the motor running. As she tried to steal the car to escape, defendant Matthew Larson, one of the arresting officers, shot her at least three times to stop the car. On May 15, 2000, plaintiff filed a civil rights suit against Salt Lake City and three police officers, including defendant Larson, in their official capacity. D.C. No. 00-CV-402. That suit was dismissed for failure to prosecute. On October 11, 2002, plaintiff filed a second suit against Salt Lake City and two police officers, including defendant Larson, "an individual." Aplt. App. at 1 (Complaint, D.C. No. 02-CV-1122). The City and the second officer filed a motion to dismiss. The second officer was dismissed in full, and the City was dismissed in part. But on September 17, 2003, plaintiff filed an amended complaint naming only defendant Larson, "an individual," id. at 30, so the City

---

[1](...continued)
except Larson, and eliminated the outstanding claim against Salt Lake City.

was also no longer a party to the suit. Larson stipulated to the filing of the amended complaint, but expressly reserved "all affirmative defenses and dispositive claims." Id. at 25. He had moved to Oklahoma sometime after the shooting, and plaintiff did not effect service on him within four years. Plaintiff does not dispute that the applicable statute of limitations is four years. Aplt. Br. at 17. She argues, however, that she did not know where Larson was. See id. at 10, 16 & n.2.

Larson filed a motion for summary judgment, raising a statute of limitations defense. Plaintiff argued that the limitations period was tolled under either Utah Code Ann. § 78-12-40 or § 78-12-35. Section 78-12-40 provides that if a suit is dismissed other than on the merits, the plaintiff has a year to refile the suit even if the statute of limitations has expired. Section 78-12-35, on its face, tolls the statute of limitations during the absence of a defendant who has left the state after a claim accrued against him. Larson argued that he was not a party to the first suit, so § 78-12-40 did not apply, and that he was amenable to service throughout the limitations period under Utah's long-arm statute, so § 78-12-35 did not apply.

The district court held a hearing and granted summary judgment to Larson. In the court's concise bench ruling, the court stated that the limitations period had run and that plaintiff's tolling arguments were unpersuasive. Aplt. App. at 98. The court held that § 78-12-35 did not apply because, under Lund v. Hall,

-3-

938 P.2d 285 (Utah 1997), and <u>Ankers v. Rodman</u>, 995 F. Supp. 1329 (D. Utah 1997), a defendant's absence from the state is not enough to toll the statute of limitations. Aplt. App. at 98. (In fact, plaintiff had sought and been granted substitute service, but not until 2003–more than four years after the shooting.) The court held that § 78-12-40 could not affect Larson's rights because he was not a party to the first suit. Aplt. App. at 98. The court entered only a minute order. Because Larson took plaintiff by surprise by arguing <u>Lund</u> and <u>Rodman</u> at the hearing when neither case was cited in his summary judgment motion, the court allowed plaintiff to file a motion to alter or amend to make additional arguments. She did file a motion, arguing that Larson had not shown that he was amenable to service after he left Utah, and that he should be equitably estopped from asserting that he was sued only in his official capacity in the first suit. Aplt. App. at 106-17. The district court denied the motion because plaintiff had not addressed the subject raised at the summary judgment hearing, and had not addressed <u>Rodman</u> at all. Aplt. App. at 150.

## II. PLAINTIFF'S ISSUES ON APPEAL

Plaintiff lists two "issues" on appeal, but argues four "points." Because her points overlap her stated issues, we analyze the case according to her two issues: (1) Utah Code Ann. § 78-12-40 extends the statute of limitations because her first suit was dismissed for procedural reasons; and (2) Utah Code Ann. § 78-12-35

tolls the statute of limitations because Larson moved away from Utah shortly after the shooting and there was no agent to accept service on his behalf after he left the state. Plaintiff's third "point" is that Larson did not respond to her motion to alter or amend and therefore acquiesced in her arguments. She never raised this argument in the district court, however, and, considering it as a third issue, it is deemed waived. See Singleton v. Wulff, 428 U.S. 106, 120 (1976). As to her remaining issues, we review the grant of summary judgment de novo. Boyer v. Cordant Techs., Inc., 316 F.3d 1137, 1138 (10th Cir. 2003).

### III. DISCUSSION

#### A. Issue 1: Utah Code Ann. § 78-12-40

Plaintiff argues that the statute of limitations is tolled under Utah Code Ann. § 78-12-40, which provides that if a suit is dismissed other than on the merits, the plaintiff has a year to refile the suit even if the statute of limitations has expired. This argument is without merit. Section 78-12-40 does not apply because plaintiff's first suit named Larson only in his official capacity, so the first suit was really only against Salt Lake City and Larson was not on notice that he might be sued.

Neither party provided the complaint from the first suit, but this oversight does not prevent our resolution of the issue because plaintiff concedes that the first suit was against Larson only in his official capacity. She states in her first

-5-

issue that "the former action [was] mistakenly filed in an official capacity" and that the second suit corrected that mistake. Aplt. Br. at 2; see also id. at 21, 24. She also states that "the former action was one in Mr. Larson's official capacity or against the City in other words." Id. at 13.

Plaintiff's authorities are clearly distinguishable. One of the cited cases does not apply § 78-12-40 to a refiled suit adding a new party, so it does not support her position. See McGuire v. Univ. of Utah Med. Ctr., 603 P.2d 786, 788 & n.1 (Utah 1979). The other case does apply § 78-12-40 to a new suit adding defendants, but only because the defendants added to the caption of the plaintiff's fourth complaint were identified as defendants in the body of her second complaint and were actually served. Hebertson v. Bank One, Utah, N.A., 995 P.2d 7, 13 (Utah App. 1999). The state court of appeals compared the situation to determining whether a complaint relates back under Utah R. Civ. P. 15(c) and decided that, under the circumstances, the additional defendants were on notice from the second complaint that they might be sued. Id.

Plaintiff has not argued in this case that the first suit put Larson on notice that he might be sued individually, and the argument would in fact appear to be foreclosed by her admission that the first suit was against him only in his official capacity. Her assertion that Larson stipulated to being named in his individual capacity in the amended complaint ignores one detail and mischaracterizes another. It ignores that the stipulated amendment was to the second complaint,

which was already untimely unless the limitations period was tolled. It also mischaracterizes Larson's stipulation–he stipulated only to the filing of the amended complaint, and expressly reserved his defenses. Aplt. App. at 25.

### B. Issue 2: Utah Code Ann. § 78-12-35

Plaintiff also argued that her second suit is timely because the statute of limitations has been tolled under Utah Code Ann. § 78-12-35 since Larson left the state of Utah. On December 16, 2005, we certified to the Utah Supreme Court the following question of state law:

> Is the statute of limitations tolled under Utah Code. Ann. § 78-12-35 when a person against whom a claim has accrued has left the state of Utah and has no agent within the state of Utah upon whom service of process can be made instead, but the person is amenable to service pursuant to Utah's long-arm statute, Utah Code Ann. § 78-27-24?

Certification of Question of State Law at 7.

The Utah Supreme Court accepted the certified question and, on March 27, 2007, answered it, holding that

> Utah Code section 78-12-35 ("Utah's tolling statute") does toll the applicable statute of limitations when a person against whom a claim has accrued has left the state of Utah and has no agent within the state upon whom service of process can be made, even where the person was at all times amenable to service pursuant to Utah's long-arm statute.

Olseth v. Larsen, No. 20051180, slip op. at 1 ¶ 2 (Utah Mar. 27, 2007). In light of the Utah Supreme Court's holding on the certified question, the district court's

grant of summary judgment is reversed, and the case is remanded for further proceedings consistent with the Utah Supreme Court's opinion.

REVERSED and REMANDED.

Entered for the Court

Michael R. Murphy
Circuit Judge