2002 UT App 25

**DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD AND FAMILY SERVICES, Plaintiff and Appellee,**

v.

**B.R., Defendant and Appellant.**

**No. 20010184–CA.**

Court of Appeals of Utah.

Feb. 7, 2002.

Bart J. Johnson and Glen M. Richman, Richman & Richman LLC, Salt Lake City, for Appellant.

Mark L. Shurtleff and Carol L. Verdoia, Salt Lake City, for Appellee.

Before BILLINGS, Associate P.J., and DAVIS and THORNE, Jr., JJ.

## OPINION

BILLINGS, Associate Presiding Judge.

¶1 Appellant B.R. appeals the juvenile court's determination that a Department of Human Services, Division of Child and Family Services (DCFS) referral of sexual abuse involving his niece, S.R., was substantiated. We affirm.

## BACKGROUND

¶2 B.R. is the paternal uncle of S.R., his niece born April 24, 1984. On or about December 25, 1997, S.R. reported to her mother and father that on two separate occasions

B.R. inappropriately touched her. S.R. reported that on December 25, 1997, while at a family Christmas party at B.R.'s home, B.R. approached S.R. from behind and grabbed her breasts over her clothing with his hands. She also reported that in August of 1997, while spending the night at the B.R. home, she awakened twice in the middle of the night to find her shirt pulled up around her neck, her bra unfastened, and B.R. rubbing her bare back. S.R.'s mother subsequently contacted her older daughter, A.R.M., and asked if B.R. had ever touched her inappropriately. A.R.M. reported three separate incidents of B.R. inappropriately touching her, occurring when A.R.M. was between the ages of twelve and fifteen.

¶3 DCFS investigated a Protective Services referral between July 20, 1999 and mid-September, 1999, concerning B.R. and S.R.[1] After completing its investigation, DCFS substantiated sexual abuse of S.R. by B.R.[2] B.R. then requested an administrative hearing to review the DCFS determination, and an informal hearing was held on April 17 and May 18, 2000. On July 29, 2000, the Department of Human Services, Office of Administrative Hearings entered its Final Decision and Order, which overturned the finding of substantiation and changed the referral outcome to "unsubstantiated." DCFS appealed this decision to juvenile court.

¶4 The juvenile court found by a preponderance of the evidence that the allegations made by S.R. and A.R.M. "were detailed and for the most part consistent[.]" Additionally, the juvenile court found that the alleged conduct engaged in by B.R. fell within the definition of sexual abuse.

¶5 Based on its findings of fact, the juvenile court made the following conclusions of law:

1) There was a reasonable basis for the Division of Child and Family Services to

---

1. The two incidents were not brought to the attention of DCFS and law enforcement until July 1999 because S.R.'s mother felt that disclosure of the incidents was the only way of protecting S.R. from having contact with B.R. after S.R.'s mother and father divorced in early 1999. A.R.M. was not included in the referral because she had since reached the age of majority.

2. The relevant definition for "substantiated" is "a finding that there is a reasonable basis to conclude that: (A) a person 18 years of age or older committed one or more of the following types of child abuse or neglect: ... (II) sexual abuse." Utah Code Ann. § 62A–4a–116(5)(b)(i) (2000).

conclude that [S.R.] had been sexually abused;

2) There was a reasonable basis for the Division of Child and Family Services to conclude that [B.R.] was substantially responsible for the sexual abuse of [S.R.]

Accordingly, the juvenile court ordered that the referral remain substantiated. B.R. appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 6 B.R. first argues that the juvenile court did not have subject matter jurisdiction under the Utah Administrative Procedures Act (UAPA), specifically under Utah Code Ann. § 63–46b–15(1)(a)(iii) (Supp.2001). "Whether the juvenile court had jurisdiction is a question of law which we review under a correction of error standard." *In re J.J.W.*, 2001 UT App 271,¶ 8, 33 P.3d 59. Second, B.R. argues that the juvenile court erred by not applying the proper standard of proof as required by Utah Code Ann. § 62A–4a–116.5(4)(a) (2000). Whether a juvenile court properly interpreted a statute presents a question of law that we review for correctness. *See Utah Sign, Inc. v. Utah Dep't of Transp.*, 896 P.2d 632, 633 (Utah 1995).

### I. Subject Matter Jurisdiction

■ ¶ 7 B.R. argues the juvenile court did not have subject matter jurisdiction. B.R. argues that because the relevant provision of the UAPA only allows review of substantiated findings by the juvenile court, the proper forum for review was the district court. DCFS contends that this provision of the UAPA provides for a trial de novo, and therefore the decision reached below is not relevant for purposes of determining subject matter jurisdiction.

¶ 8 According to section 63–46b–15,

[D]istrict courts have jurisdiction to review by trial de novo all final agency actions resulting from informal adjudicative proceedings, except that the juvenile courts have jurisdiction over all state agency actions relating to:

. . . .

(iii) substantiated findings of abuse or neglect made by the Division of Child and Family Services, after an evidentiary hearing.

Utah Code Ann. § 63–46b–15(1)(a) (Supp. 2001).

¶ 9 Based on the above statutory language, we agree with DCFS and conclude the statute provides for a trial de novo in juvenile court for both substantiated and unsubstantiated findings of abuse or neglect determined after an informal hearing. "When we interpret statutes, our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve." *Day v. Meek*, 1999 UT 28,¶ 6, 976 P.2d 1202 (quotations and citations omitted). First, we note the plain language of the statute states that juvenile courts "have jurisdiction over all state agency actions *relating to* . . . substantiated findings." Utah Code Ann. § 63–46b–15(1)(a) (emphasis added). Furthermore, and more significantly, we have previously held that this provision "establish[es] the right to a new trial *without deference to the determinations of an informal administrative proceeding*." *Archer v. Bd. of State Lands & Forestry*, 907 P.2d 1142, 1144 (Utah 1995) (emphasis added). Appellant's argument that substantiated determinations are reviewed in juvenile court and unsubstantiated determinations are reviewed in the district court makes no sense. *See Thornock v. Jensen*, 950 P.2d 441, 444 (Utah Ct.App.1997) (following the literal statutory wording is not required "when to do so would defeat legislative intent and make the statute absurd" (quotations and citation omitted)). Therefore, we hold that the juvenile court had subject matter jurisdiction under section 63–46b–15(1)(a).

### II. Standard of Proof Required by Utah Code Ann. § 62A–4a–116.5(4)(a) (2000)

■ ¶ 10 B.R.'s second argument is that the juvenile court erred by applying an incorrect standard of proof in the proceedings. Specifically, he contends that section 62A–4a–116.5 required DCFS to prove, by a preponderance of the evidence, that child abuse had occurred and that B.R. was substantially

responsible for that abuse.[3] DCFS, however, contends that the juvenile court properly applied the standard of proof as required under section 62A–4a–116.5(4)(a).

¶ 11 Section 62A–4a–116.5(4)(a) states:

In an adjudicative proceeding held pursuant to Subsection (3)(d),[4] the division shall prove by a preponderance of the evidence that there is a reasonable basis to conclude that:

(i) child abuse or neglect, as described in Subsection 62A–4a–116(5)(b), occurred; and

(ii) the person was substantially responsible for the abuse or neglect that occurred.

Utah Code Ann. § 62A–4a–116.5(4)(a).

¶ 12 We agree with DCFS and hold that the juvenile court applied the proper standard of proof. Section 62A–4a–116.5(4)(a) specifically states that DCFS "shall prove *by a preponderance of the evidence that there is a reasonable basis to conclude that: (i) child abuse or neglect ... occurred;* and (ii) the person was substantially responsible for the abuse or neglect that occurred." *Id.* (emphasis added). B.R.'s construction would require us to ignore the second half of the burden of proof: "that there is a reasonable basis to conclude" that child abuse or neglect occurred and that the person was substantially responsible. We note that one of the fundamental rules of statutory construction is that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Reedeker v. Salisbury,* 952 P.2d 577, 583 (Utah Ct.App.1998) (quotations and citation omitted). Therefore, we "assume that each term in the statute was used advisedly," *id.* (quotations and citation omitted), and must give effect to all terms in the statute.

¶ 13 In this case, the juvenile court correctly applied the standard of proof mandated by section 62A–4a–116.5, as reflected in its conclusions of law. First, that "[t]here was a reasonable basis for the Division of Child and Family Services to conclude that [S.R.] had been sexually abused", and second that "[t]here was a reasonable basis for the Division of Child and Family Services to conclude that [B.R.] was substantially responsible for the sexual abuse of [S.R.]."

¶ 14 Therefore, we affirm.[5]

¶ 15 WE CONCUR: JAMES Z. DAVIS, Judge, and WILLIAM A. THORNE, JR., Judge.

---

**3.** B.R. also argues that the trial court incorrectly shifted the burden of proof to B.R., which denied him due process and equal protection. Because we find no evidence in the record that the trial court shifted the burden of proof to B.R., and because B.R. offers no more than conclusory claims with no analysis, we will not address these claims. *See Smith v. Smith,* 1999 UT App 370, ¶ 8, 995 P.2d 14, *cert. denied,* 4 P.3d 1289 (Utah 2000).

**4.** Section 62A–4a–116.5(3)(d) provides:
If the division denies the request [to challenge a finding] or fails to act within 30 days after receiving a request submitted under Subsection (3)(a), the Office of Administrative Hearings shall hold an adjudicative proceeding pursuant to Title 63, Chapter 46b, Administrative Procedures Act.
Utah Code Ann. § 62A–4a–116.5(3)(d) (2000).

**5.** B.R. also argues that the juvenile court's findings were insufficient for its conclusions of law and were clearly erroneous. However, this argument is premised on B.R.'s incorrect application of DCFS's burden of proof. As a result, we decline to address this issue.