2005 UT App 43

**David R. VIGIL, Appellant,**

v.

**DIVISION OF CHILD AND FAMILY SERVICES, Appellee.**

No. 20040097–CA.

Court of Appeals of Utah.

Feb. 3, 2005.

Russell T. Monahan, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Carol L.C. Verdoia, Asst. Atty. Gen., Salt Lake City, for Appellee Martha Pierce, Salt Lake City.

Before Billings, P.J., Greenwood, and Jackson, JJ.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 David Vigil appeals a final judgment and order of the Third District Juvenile Court arguing that the court erred by (1) denying him due process by adjudicating the Division of Child and Family Services's (DCFS) allegation of domestic violence without proper notice; (2) allowing testimony at trial regarding the subject matter and nature of photographs without requiring the production of the photographs; and (3) applying the incorrect evidentiary standard in determining whether Vigil sexually abused his child, J.V. We reverse in part and affirm in part.

## BACKGROUND

¶ 2 In December 2002, DCFS investigated a referral regarding possible sexual abuse of six-year-old J.V. by her father, Vigil, and possible exposure of J.V. and her eight-year-old brother, A.V., to harmful materials. J.V.

told her mother that during J.V.'s nap time, Vigil had taken "his privates out of his pants and rubbed them on her private parts in a circular motion" while her mother was at work. J.V. also disclosed to her DCFS caseworker that Vigil took his penis from his underwear and put it in her vagina. Further, A.V. informed Detective Darby Alley of the Tooele Police Department that he watched "sex" movies that he had found in Vigil's home.

¶ 3 A search warrant was issued and executed at Vigil's home. While no pornographic videos were discovered, Detective Alley found in plain sight "adult" magazines and a clipboard with pictures of nude females attached.

¶ 4 In February 2003, both A.V. and J.V. reported to a DCFS caseworker that their parents fought frequently and that they had witnessed Vigil push their mother down the stairs. The children additionally stated that their mother cries when Vigil yells at her, and A.V. reported that Vigil called his mother names such as the "B" word, the "F" word, and the "A" word.

¶ 5 On February 4, 2003, DCFS issued a Notice of Agency Action (Notice) to Vigil. The Notice stated that based on its investigation, DCFS reached an initial finding that there was a reasonable basis to believe abuse or neglect of a "severe" type occurred and Vigil was responsible. Utah Code Ann. § 62A–4a–116.1 (2004). The Notice further stated that based on DCFS's findings, Vigil's name would be included in the DCFS Licensing Information System.[1] *See id.* § 62A–4a–116.2 (2004). The Notice substantiated the allegations of sexual abuse and providing harmful material to a minor, but did not substantiate the domestic violence allegations against Vigil.

¶ 6 On June 6, 2003, Vigil filed a Petition Against Substantiation in DCFS Licensing Database in juvenile court under Utah Code sections 78–3a–320 and 62A–4a–116.1. *See* Utah Code Ann. §§ 78–3a–320, 62A–4a–116.1

(2004). A trial on Vigil's petition was held December 11, 2003. The court heard testimony from Detective Alley, a DCFS caseworker, Vigil, and the children's mother. The court denied Vigil's petition, substantiated DCFS's findings, and made the following conclusions of law:

1. The sexual abuse perpetrated by [Vigil] falls under Utah Code Ann. § 62A–4a–116.1 as "severe."

2. [Vigil] was accorded an opportunity for court hearing pursuant to [Utah Code Ann.] § 62A–4a–116.6 ... requesting his name be removed from the Licensing Information System.

3. The State of Utah has proven, by a preponderance of the evidence, that there was a reasonable basis for [DCFS] to conclude ... that sexual abuse, exposure to harmful materials, and domestic violence-related child abuse all occurred, and that [Vigil] was substantially responsible for the abuse that occurred to A.V. and J.V.

Vigil appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 7 First, Vigil argues that the juvenile court erred by adjudicating allegations of domestic violence without notice, thus depriving him of due process. "Constitutional issues, including that of due process, are questions of law which we review for correctness." *In re K.M.,* 965 P.2d 576, 578 (Utah Ct.App.1998).

■ ¶ 8 Second, Vigil asserts that the court erred by allowing testimony regarding the contents of magazines and photographs without requiring production of the original items under Utah Rule of Evidence 1002. Trial courts are afforded broad discretion in determining the admissibility of evidence; thus we will not disturb a trial court's ruling whether to admit or exclude evidence absent an abuse of discretion. *See Gorostieta v. Parkinson,* 2000 UT 99, ¶ 14, 17 P.3d 1110.

---

1. Information contained within the DCFS Licensing System is classified and accessible only to authorized personnel. *See* Utah Code Ann. §§ 62A–4a–116.2, 62A–2–121 (2004). However, the information may affect a person's ability to

become licensed, retain a license, or work for a licensee to provide services to children or vulnerable adults, including the ability to provide foster care, adoptive care, or public school-based services. *See id.* § 62A–4a–116.2.

■ ¶ 9 Third, Vigil contends that by applying a preponderance of the evidence standard under Utah Code section 62A–4a–116.5, *see* Utah Code Ann. § 62A–4a–116.5 (2004), the juvenile court applied the incorrect burden of proof standard in this case. "Whether a juvenile court properly interpreted a statute presents a question of law that we review for correctness." *Department of Human Servs. v. B.R.*, 2002 UT App 25, ¶ 6, 42 P.3d 390.

## ANALYSIS

### I. Notice and Right to Due Process

¶ 10 Vigil argues that his due process rights were violated when the juvenile court adjudicated the domestic violence allegations against him without proper notice. DCFS concedes that the record is silent as to whether DCFS provided Vigil formal notice regarding the adjudication of the domestic violence allegations against him as required under Utah Code section 62A–4a–116.5(1)(a). *See* Utah Code Ann. § 62A–4a–116.5(1)(a) (2004) ("[T]he division shall send a notice of agency action to a person with respect to whom the division makes a supported finding.").

■ ¶ 11 "Parties to a judicial proceeding are entitled to notice 'that a particular issue is being considered by a court' and must be given 'an opportunity to present evidence and argument on that issue before decision.' " *In re K.M.*, 965 P.2d at 579 (quoting *Plumb v. State*, 809 P.2d 734, 743 (Utah 1990)). Additionally, "[w]here notice is ambiguous or inadequate to inform a party of the nature of the proceedings against him [or her] or not given sufficiently in advance of the proceeding to permit preparation, a party is deprived of due process." *Id.* (second alteration in original) (quotations and citations omitted). Because DCFS failed to provide Vigil notice that the domestic violence allegations against him would be adjudicated at the December 11, 2003 trial, we hold that the trial court erred by adjudicating that issue. Accordingly, we reverse and remand on the domestic violence issue.

### II. Admissibility of Testimony

■ ¶ 12 Vigil argues that the juvenile court erred pursuant to Utah Rule of Evidence 1002 by allowing Detective Alley's testimony regarding the content and nature of magazines and photographs without requiring the production of the original items. Rule 1002 provides, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules . . . ." Utah R. Evid. 1002. We need not decide whether admitting Detective Alley's testimony was error because there was ample nonobjectionable evidence which supported the court's findings regarding material harmful to a child.

¶ 13 Utah Rule of Evidence 1007 provides, "Contents of writings, recordings, or photographs may be proved by the testimony or deposition of the party against whom offered or by that party's written admission, without accounting for the nonproduction of the original." Utah R. Evid. 1007. Vigil testified at trial that he had Playboy magazines and some videotapes that could be considered pornographic in the house. Under DCFS's Child Protective Services Manual, Playboy magazines meet the definition of material considered harmful to a child. Thus, Vigil admitted to possessing material harmful to a child within the home.

¶ 14 In addition, Detective Alley's report contained a detailed description of the magazines and pictures on the clipboard, and A.V. stated in a videotaped interview that he viewed a sexually explicit video. Vigil did not object to the admission of Detective Alley's report or to the admission of the A.V.'s videotaped interview. Therefore, the juvenile court's findings regarding material harmful to a child were supported by other evidence to which Vigil did not object. Accordingly, we affirm on this issue.

### III. Burden of Proof Standard

■ ¶ 15 Vigil argues that the juvenile court erred by applying a preponderance of the evidence standard because while Utah Code section 62A–4a–116.5 provides a standard of proof for nonsevere allegations of abuse, *see* Utah Code Ann. § 62A–41–

116.5(5)(a) (2004) ("In an adjudicative proceeding ..., the division shall have the burden of proving, by a preponderance of the evidence, that there is a reasonable basis to conclude that child abuse ... occurred ...."), neither sections 62A–4a–116.1 nor 78–3a–320 specifically establish the standard of proof necessary for the adjudication of severe cases of abuse.

¶ 16 Vigil's argument is contrary to Utah law. When a petition for removal from the Licensing Information System is filed under section 78–3a–320, the juvenile court is required to "make a finding of substantiated, unsubstantiated, or without merit." *Id.* § 78–3a–320(3)(a). Under section 78–3a–103(1), the definitions of those terms are "the same ... as defined in [s]ection 62A–4a–101." *Id.* §§ 78–3a–103(1)(aa), (ee), (ff) (2004); *see id.* § 62A–4a–101 (2004). Section 62A–4a–101 provides that "[s]ubstantiated ... means a judicial finding based on a preponderance of the evidence that abuse or neglect occurred." *Id.* § 62A–4a–101(29); *see K.A.M. v. State,* 2004 UT App 48, 2004 WL 396421 (per curiam).

¶ 17 Therefore, the juvenile court applied the correct standard of proof in this case. Accordingly, we affirm on this issue.

## CONCLUSION

¶ 18 We hold that the juvenile court erred by adjudicating the domestic violence allegations against Vigil because DCFS failed to provide Vigil proper notice, and we reverse and remand on this issue only. However, we affirm on the remaining issues.

¶ 19 WE CONCUR: Pamela T. Greenwood, Judge and Norman H. Jackson, Judge.