**2016 UT App 181**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF O.P.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

O.P.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Memorandum Decision
No. 20141077-CA
Filed August 25, 2016

Third District Juvenile Court, Salt Lake Department
The Honorable Mark W. May
No. 1037853

Monica Maio and David L. Johnson, Attorneys
for Appellant

Sean D. Reyes and Ryan D. Tenney, Attorneys
for Appellee

SENIOR JUDGE PAMELA T. GREENWOOD authored this
Memorandum Decision, in which JUDGES J. FREDERIC VOROS JR.
and KATE A. TOOMEY concurred.[1]

GREENWOOD, Senior Judge:

¶1      O.P. appeals the dispositional order of the juvenile court, which included jail time. Because we agree with the juvenile court that, under the circumstances, jail is an "alternative to

---

1. Senior Judge Pamela T. Greenwood sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

detention" as contemplated by section 78A-6-117(2)(f) of the Utah Code, we affirm.

¶2     When O.P. was seventeen years old, he was pulled over by police and arrested for driving under the influence of alcohol. Approximately three months later, after O.P. had turned eighteen, the State filed a petition in the juvenile court to adjudicate O.P. delinquent for driving under the influence, an offense that would be a class B misdemeanor if committed by an adult. *See* Utah Code Ann. § 41-6a-502.5(2) (LexisNexis 2014). O.P. admitted to the allegation. The probation officer assigned to the case remarked that O.P. had a "pretty extensive history with the court." He further stated that O.P. had been on probation twice before. The probation officer recommended jail time. The juvenile court ordered O.P. to serve thirty days in jail, with twenty-seven days suspended. The juvenile court additionally ordered O.P. to pay a fine and complete drug and alcohol treatment.

¶3     When O.P. reported to the jail, "he was turned away because of overcrowding, and he was shot in the leg in a drive-by shooting later that evening." The juvenile court consequently excused O.P. from serving the three days in jail.

¶4     Before reporting to the jail, O.P. had filed a motion to withdraw his admission, "arguing that his plea was unknowing and involuntary because he did not know that the court could order him to serve time in adult jail." The juvenile court initially declined to rule on the motion, but O.P.—after being excused from serving the three days in jail—requested a ruling on his motion because he "still had a suspended jail sentence." The juvenile court denied the motion, reiterated that it had vacated its earlier order requiring O.P. to spend three days in jail, and left in place the suspended order for twenty-seven days in jail.

¶5     O.P. now appeals, arguing that the juvenile court misinterpreted Utah Code section 78A-6-117 when it concluded

that jail was a proper "alternative to detention."[2] *See* Utah Code Ann. § 78A-6-117(2)(f)(i) (LexisNexis Supp. 2015). "Whether a juvenile court properly interpreted a statute presents a question of law that we review for correctness." *Department of Human Services v. B.R.*, 2002 UT App 25, ¶ 6, 42 P.3d 390. "We start our analysis with the statute's plain language." *State v. Redd*, 1999 UT 108, ¶ 11, 992 P.2d 986. "When the meaning of a statute can be discerned from its language, no other interpretive tools are needed." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 15, 267 P.3d 863 (brackets, citation, and internal quotation marks omitted).

¶6    Section 78A-6-117 states in relevant part: "The court may commit a minor[3] to a place of detention or an alternative to

---

2. The State argues that the issue this appeal presents is moot and that "any ruling on the legality of the jail term would be purely advisory." We disagree with the State and are persuaded by O.P.'s contention that the "implicit connection between O.P.'s unlawful conduct, the order of suspended jail time, and the conditions with which the court expected O.P. to comply" creates the possibility that O.P. could still be required to serve the twenty-seven days in jail if he fails to abide by the juvenile court's order. Also, the State has not presented convincing documentation that there is no possibility of imposition of the suspended twenty-seven-day commitment. Therefore, because our decision can still affect O.P.'s rights, the issue is not moot. *See Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981) (explaining that when there is a possibility that collateral consequences will be imposed as a result of a challenged conviction, a challenge to that conviction is not moot).

3. We acknowledge that O.P. was eighteen when the juvenile court ordered the jail term, but the Utah Juvenile Court Act defines "minor" as, among other persons, one who is "at least 18

(continued…)

detention for a period not to exceed 30 days subject to the court retaining continuing jurisdiction over the minor. This commitment may be stayed or suspended upon conditions ordered by the court." Utah Code Ann. § 78A-6-117(2)(f)(i). Thus, the juvenile court had the authority to commit O.P. to either "a place of detention or an alternative to detention." *See id.*

¶7 We have no difficulty concluding that, under the relevant statutory provisions, an adult jail cannot be considered "a place of detention." The Juvenile Court Act defines detention, in part, as "secure detention as defined in Section 62A-7-101 for the temporary care of a minor who requires secure custody in a physically restricting facility." *Id.* § 78A-6-105(13) (LexisNexis Supp. 2015). "Secure detention," as defined by section 62A-7-101, requires "a facility operated by or under contract with the division [of Juvenile Justice Services]." *Id.* § 62A-7-101(19) (2011). An adult jail is not such a facility, and the juvenile court therefore had no authority to commit O.P. to jail as "a place of detention." *See id.* § 78A-6-117(2)(f)(i) (Supp. 2015). But this does not resolve the question of whether the adult jail was a permissible "alternative to detention." *See id.*

¶8 We conclude that it was. To begin with, the word "alternative" indicates something different from the other specified option, i.e., something different from "a place of detention." *See Alternative*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003) (defining "alternative" as "offering or expressing a choice," or "different from the usual or conventional"). Because jail cannot be considered a place of detention under section 78A-6-117, it follows that jail is

---

(…continued)

years of age and younger than 21 years of age [and] under the jurisdiction of the juvenile court." *See* Utah Code Ann. § 78A-6-105(24)(b)(i)–(ii) (LexisNexis Supp. 2015).

something *different from* a place of detention. Or, at least according to the ordinary usage of the term "alternative," it is an alternative to detention. But obviously a juvenile court does not have authority to commit a minor to any conceivable alternative to detention. Instead, juvenile courts may only make use of alternatives to detention that are consistent with the purposes of the juvenile court. *See* Utah Code Ann. § 78A-6-102(5) (LexisNexis 2012). One such purpose is to "promote public safety and individual accountability by the imposition of appropriate sanctions." *Id.* § 78A-6-102(5)(a). The legislature has outlined some specific instances in which jail may be an appropriate option for the juvenile court to consider. *See, e.g., id.* § 78A-6-113(8)(a)–(b) (allowing for a child who is at least sixteen years old "whose conduct or condition endangers the safety or welfare of others" in a place of detention to "be detained in another place of confinement considered appropriate by the court, including a jail"); *id.* § 78A-6-1101 (allowing the juvenile court to punish "[a]ny person 18 years of age or older found in contempt of court" by ordering the person to serve up to thirty days in county jail); *see also id.* § 62A-7-201(1), (2)(a) (Supp. 2015) (allowing for a child who is charged as a serious youth offender and "bound over to the jurisdiction of the district court, or certified to stand trial as an adult" to be confined in jail). It stands to reason, then, that the legislature has conferred on juvenile courts the authority to confine a minor to jail in certain circumstances.

¶9     More specifically, the juvenile court acted within its authority when it ordered O.P. to serve time in jail in this case. The court explicitly had the power to commit O.P. to an alternative to detention. As noted above, jail is an alternative to detention by virtue of the plain meaning of the word "alternative." Additionally, jail is an option available to the juvenile court under several scenarios. And one pronounced purpose of the juvenile court "is to promote public safety and individual accountability." *Id.* § 78A-6-102(5)(a) (2012). In the

instant case, the juvenile court explained to O.P. that "there are certain lines that can't be crossed, and one of them is driving while you're intoxicated, and that's what you did. When someone drives when they're intoxicated, I believe they need to spend some time locked up." By ordering O.P. to serve time in jail, the juvenile court expressed both concern for public safety when drivers are intoxicated and a desire to make O.P. individually accountable for his actions. Because this motivation and outcome are in keeping with the Juvenile Court Act's purposes and plain language, we cannot agree with O.P. that the juvenile court misinterpreted section 78A-6-117.

¶10    Furthermore, we acknowledge an additional argument made by O.P. that, if well taken, would be cause for concern. O.P. argues that the juvenile court erred in ordering him to spend time in jail because "'a child may not be committed to jail.'" (Quoting Utah Code Ann. § 78A-6-117(2)(t) (LexisNexis Supp. 2015).) What this position fails to account for is the fact that O.P. was not a child when he was committed to jail. A child is "a person under 18 years of age." *Id.* § 78A-6-105(6). And while O.P. was a child when he engaged in the conduct at issue in this case, he was not a child when the juvenile court committed him to jail. The very subsection that O.P. points to in support of his position seems to contemplate this scenario, for it allows a juvenile court to "make any other reasonable orders for the best interest of the *minor* or as required for the protection of the public, except that a *child* may not be committed to jail or prison." *Id.* § 78A-6-117(2)(t) (emphases added). The statute's use of both "minor" and "child" seems to contemplate that the juvenile court may sometimes make orders pertaining to a minor who is also a child. *Compare id.* § 78A-6-105(6) ("'Child' means a person under 18 years of age."), *with id.* § 78A-6-105(4) ("[A] person 18 years or over under the continuing jurisdiction of the juvenile court . . . shall be referred to as a minor."). Thus, it follows that the court may also sometimes make orders pertaining to a minor who is not a child. O.P. is the latter. And if

the legislature had intended to specify that individuals in O.P.'s situation cannot be committed to jail, we would expect to see an indication that an individual who was a child *at the time of the offense* may not be committed to jail. But there is no such provision in Utah's statutes.

¶11    Thus, when considering the relevant statutes together with the specific circumstances of this case, we are not convinced that the juvenile court erred when it ordered O.P. to serve time in jail as an alternative to detention. The order of the juvenile court is therefore affirmed.

———————