Reverend Rodney HOWELL, Appellant,

v.

COCA–COLA BOTTLING COMPANY OF LUBBOCK, INC., Appellee.

No. 9069.

Court of Civil Appeals of Texas, Amarillo.

Feb. 15, 1980.

Rehearing Denied March 12, 1980.

Mark Smith & Associates, Mark Smith, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Tom A. Milam, Cecil Kuhne, Lubbock, for appellee.

COUNTISS, Justice.

This appeal requires us to determine (1) whether a suit by Reverend Rodney Howell, appellant, against Coca-Cola Bottling Company tolls the statute of limitations as to Coca-Cola Bottling Company of Lubbock, Inc., appellee and (2) whether the trial court erred in entering judgment for Coca-Cola Bottling Company of Lubbock, Inc. after sustaining its special exception raising the question of limitations. We reform the judgment of the trial court to show dismissal of the case instead of entry of judgment for appellee and, as reformed, affirm the judgment.

From the pleadings and other instruments in the record before us, the events pertinent to this appeal are as follows. On October 2, 1973, Reverend Howell took a partially empty bottle of Coca-Cola from his attorney's refrigerator in Lubbock, Texas, removed the self-sealing cap, mixed a portion of the Coca-Cola with bourbon and drank it. Thereafter, he became ill. On August 6, 1974, he sued Coca-Cola Bottling Company and alleged J. W. Wolslager of San Angelo, Texas as the defendant's agent for service. On August 21, 1974, Coca-Cola Bottling Company, located in San Angelo, Texas filed an original answer consisting of a special exception alleging failure to state a cause of action and a general denial. No other instruments were filed until October 13, 1977, when Coca-Cola Bottling Company filed a motion for summary judgment claiming it did not sell the bottled product in question. Attached to the motion were several affidavits, one stating J. W. Wolslager was secretary-treasurer of Coca-Cola Bottling Company, a corporation located in San Angelo, Texas. Wolslager averred that Coca-Cola Bottling Company "does not sell to, deliver to or otherwise service with the . . . bottled product known as Coca-Cola, any business establishment in Lubbock, Lubbock County, Texas." Another affidavit by Pat McNamara, Jr. stated he was president of Coca-Cola Bottling Company of Lubbock, Inc.; his company bottles and sells Coca-Cola in the Lubbock area; and there is no connection between, or joint ownership of, his company and Coca-Cola Bottling Company located in San Angelo, Texas. The affidavits were not controverted.

Thereafter, Reverend Howell filed first, second and third amended petitions, continuing to name Coca-Cola Bottling Company as defendant. The first amended petition designated Pat McNamara, Sr. of Lubbock, Texas as Coca-Cola Bottling Company's duly authorized agent. Coca-Cola Bottling Company responded with a motion to quash the citation for service contending no service was had on the defendant, because neither Pat McNamara, Jr. nor Pat McNamara, Sr. were connected with, or agents of, Coca-Cola Bottling Company, the defendant in the case.

Reverend Howell in turn filed his second amended petition naming Pat McNamara, Jr. of Lubbock, Texas as president of the defendant corporation. Coca-Cola Bottling Company retaliated with another motion to quash contending Pat McNamara, Jr. was not an officer of or connected with Coca-Cola Bottling Company, the defendant in the case. Reverend Howell then filed his third amended petition on June 5, 1978 against Coca-Cola Bottling Company, naming Pat McNamara, Jr. as president and designating him for service of process. On June 26, 1978, the trial court quashed service of process on Pat McNamara, Jr. stating the service was not valid upon Coca-Cola Bottling Company.

On June 27, 1978, approximately four years and eight months after the alleged injury, Reverend Howell filed his fourth amended petition naming as the sole defendant "Coca-Cola Bottling Company of Lubbock, Inc." and requesting service on Pat McNamara, Jr., as its president. All five of Reverend Howell's petitions allege October 2, 1973 as the date of injury and contain similar allegations of negligence and damage. In the third and fourth amended petitions, he also alleges "[d]efendant is, and at all times mentioned herein was, engaged in the business of bottling and selling soft drinks throughout Lubbock County, Texas. The instrumentality complained of herein was a bottle of [d]efendant's product." In response to the fourth amended petition, Coca-Cola Bottling Company of Lubbock, Inc. filed its original answer, a general denial preceded by a special exception alleging the fourth amended petition showed on its face that it was barred by the statute of limitations.

With the foregoing matters in the record before it, the trial court heard the special exception on July 28, 1978, and by order dated January 5, 1979, sustained it and entered judgment in favor of Coca-Cola Bottling Company of Lubbock, Inc. This appeal is from that judgment.

■ Reverend Howell brings before this court four points of error. He contends (1) the district court erred in dismissing his suit because Coca-Cola Bottling Company of Lubbock, Inc. was properly sued under its trade name pursuant to rule 28 of the Texas Rules of Civil Procedure;[1] (2) Coca-Cola Bottling Company of Lubbock, Inc. had a reasonable opportunity to defend the suit; (3) he should have been allowed to prove to the jury that Coca-Cola Bottling Company of Lubbock, Inc. had a reasonable opportunity to defend; and (4) the court erred in sustaining the special exception of Coca-Cola Bottling Company of Lubbock, Inc. without granting him leave to amend. We will discuss the points in the order stated.

Rule 28 reads as follows:

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

Rule 28 creates a procedure that permits suit by or against a business entity for the purpose of enforcing for or against it a substantive right in its partnership, assumed or common name. The rule does not, however, change any substantive rights. *Cohen v. C. H. Leavell & Co., Inc.,* 520 S.W.2d 793, 796 (Tex.Civ.App.—El Paso 1975, no writ). One of the purposes of the rule is to permit a plaintiff to sue a business entity, or permit a business entity to sue, in the name by which it represents itself to the public. Obviously, however, the rule has no relevance to a case unless the suit is brought by or against the business entity in its assumed or common name. *See, e. g., Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828, 830 (Tex.1975).

■ The case before us is not and never has been a suit against a business entity in its partnership, assumed or common name. The cause was originally filed against one corporation, Coca-Cola Bottling Company, in its corporate name. Subsequently, suit

1. All further references to rules will be to the Texas Rules of Civil Procedure.

was filed against a second corporation with a different name and after the statutory time limit for bringing suit had expired. Rule 28 is not, under these facts, available to lift the bar of the statute of limitations.

Reverend Howell relies on *Continental Southern Lines, Inc. v. Hilland, supra,* and *Cohen v. C. H. Leavell & Co., Inc., supra,* to support his contention that rule 28 is applicable. The *Continental Southern Lines, Inc.* case, however, provides authority for the result we reach in this case. In that case, as in the one before us, suit was brought against a corporation in its corporate name and not against an entity operating under an assumed or common name. For that reason and others detailed in the opinion, rule 28 was held inapplicable.

The *Cohen* case involved two companies actually doing business under a common name. The court correctly applied rule 28 by holding that "the application of the rule of law permits a cause of action to be asserted against a separate entity after the statute of limitations has run, but this is not true as to just any entity but is limited to instances of doing business under an assumed name." *Cohen v. C. H. Leavell & Co., Inc., supra,* at 795–96.

■ In summary, we hold rule 28 is not applicable to this case, because nothing in the record indicates the two corporations in question were doing business under an assumed or common name. The institution of suit against one corporation will not interrupt the running of the limitation period against a different corporation. *Stokes v. Beaumont, Sour Lake & Western Railway Co.,* 161 Tex. 240, 339 S.W.2d 877, 878 (1960). Accordingly, we overrule Reverend Howell's first point of error.

In his second point of error, Reverend Howell contends the bar of the statute of limitations should not be imposed because the two corporations in question are so intertwined that suit against the first corporation gave the second corporation notice of, and a reasonable opportunity to defend the case. This contention, however, is not supported by the record.

Statutes of limitations exist "to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Continental Southern Lines, Inc. v. Hilland, supra,* at 831. Consistent with that purpose, our courts have tempered the harshness of statutes of limitations by refusing to apply them in unusual situations, where the proper defendant was cognizant of the facts and was not misled or placed at a disadvantage in obtaining relevant evidence to defend the suit. *Id.* at 831.

■ Before this equitable principle can be applied, however, there must be some support in the record. Here, there is none. We find no indication, directly or inferentially, that Coca-Cola Bottling Company of Lubbock, Inc. was apprised of Reverend Howell's suit until October 4, 1977, over four years after the incident in question, when that company's president signed an affidavit attached to Coca-Cola Bottling Company's motion for summary judgment. The two corporations have different officers, separate areas of service and different customers. Until June 5, 1978, Reverend Howell's pleadings did not even allege he became ill as a result of drinking a Coca-Cola bottled in Lubbock, Texas.

■ The record does reveal representation of both corporations by the same law firm. So far as we can determine, however, representation of the second corporation, the appellee herein, was undertaken after the first corporation was eliminated from the case. There is no indication of any exchange of information between the two companies through the law firm or otherwise, prior to the expiration of the statute of limitations. Representation of successive defendants by the same law firm is insufficient, standing alone, to remove the limitations' bar. *Krenek v. Epps Super Market No. 2, Inc.,* 377 S.W.2d 753, 757 (Tex.Civ. App.—Austin 1964, no writ).

In support of his contention, Reverend Howell relies on several cases that have

applied the equitable principle discussed above. In each of those cases, however, there was evidence the true defendant was cognizant of the facts. For example, in the *Continental Southern Lines, Inc.* case, there was some indication the original suit papers were forwarded to the true defendant, along with evidence that the accident report was made to the proper party. *Continental Southern Lines, Inc. v. Hilland, supra*, at 830–31. In *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex.1975), the plaintiff sued the estate instead of the executor who was the true defendant. In the case of *Sanchez v. Aetna Cas. & Sur. Co.*, 543 S.W.2d 888 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.), the company sued was the parent company of the intended defendants.

In the case before us, however, we find nothing to support Reverend Howell's contention that the second defendant, Coca-Cola Bottling Company of Lubbock, Inc., was apprised of the suit against it, within any time frame that would justify removal of the bar of limitations. We must, therefore, overrule his second point of error. Our disposition of the second point of error renders his third point of error immaterial. Accordingly, we also overrule Reverend Howell's third point of error.

In his final point of error, Reverend Howell contends the trial court erred in sustaining the special exception of Coca-Cola Bottling Company of Lubbock, Inc. and dismissing the case without granting him leave to amend his petition. Reverend Howell filed his fourth amended petition on June 27, 1978, and for the first time named Coca-Cola Bottling Company of Lubbock, Inc. as the defendant. As in previous petitions, however, the date of injury was alleged to have occurred on October 2, 1973. In response to the fourth amended petition, on June 30, 1978, Coca-Cola Bottling Company of Lubbock, Inc. filed an original answer consisting of a special exception and a general denial. The special exception alleged the fourth amended petition showed on its face that it was barred by the statute of limitations.

On July 28, 1978, the trial court held a hearing on the special exception and on January 5, 1979, sustained the special exception, holding as a matter of law that the suit against Coca-Cola Bottling Company of Lubbock, Inc. was barred by the statute of limitations. The court then entered judgment in favor of the company.

■ In support of his fourth point, Reverend Howell cites and quotes from numerous cases correctly stating the general principle that a party against whom a special exception is sustained must be afforded an opportunity to amend, in order to meet the exception, before the case can be dismissed. *See, e. g., Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974); *Cozad v. Roman*, 570 S.W.2d 558, 562 (Tex.Civ.App.—Corpus Christi. 1978, no writ). We have no disagreement with that rule of law. Its applicability, however, has not been demonstrated in this case.

■ Except in certain unusual circumstances not pertinent here, an appellant must be able to demonstrate in the record before the appellate court that the error complained of was presented to, rejected by and preserved in the trial court. *See, e. g., Red River Valley Pub. Co. v. Bridges*, 254 S.W.2d 854, 861–62 (Tex.Civ.App.—Dallas 1952, no writ). For example, rule 324 generally eliminates the requirement of a motion for new trial as a prerequisite to appeal, but states as an exception that "it *shall* be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon." (emphasis added). Specifically, where a party is denied the right to amend pleadings after a special exception is sustained, and the record does not otherwise reflect that fact, a motion for new trial is required to preserve the error. *Ainsworth v. Homes of St. Mark*, 530 S.W.2d 877, 878 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Harmon v. City of Dallas*, 229 S.W.2d 825, 829 (Tex. Civ.App.—Dallas 1950, writ ref'd n. r. e.).

■ The record before this court does not preserve the error advanced. No mo-

tion for new trial was filed and nothing in the record before us demonstrates a denial of the right to amend. It is impossible for us to determine whether Reverend Howell requested leave to amend, or whether he was denied leave to amend. There is nothing in the record or the briefs which suggests the case could have been repleaded to meet the exception, if leave had been granted. *See Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 820 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.). In short, we would be required to presume the trial court erroneously denied Reverend Howell an opportunity to amend his pleadings to meet the exception, when the record does not establish the denial or allude to the existence of facts that could be pleaded to meet the exception. We are not willing to presume error. Reverend Howell's fourth point of error is overruled.

■ The judgment of the trial court, *inter alia,* directs entry of judgment in favor of Coca-Cola Bottling Company of Lubbock, Inc. and against Reverend Howell. When the sustaining of a special exception results in termination of the litigation, the proper procedure is dismissal of the case, instead of entry of judgment for or against the parties. *Wiseman v. Zorn,* 309 S.W.2d 253, 259 (Tex.Civ.App.—Houston 1958, no writ).

Accordingly, the judgment of the trial court is reformed to show dismissal of the case in lieu of the entry of judgment for Coca-Cola Bottling Company of Lubbock, Inc. As reformed, the judgment is affirmed.