Walter Pikul v. Kroger Co. Store No. 536, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-337-CV

WALTER PIKUL APPELLANT

V.

KROGER COMPANY STORE NO. 536 AND APPELLEES

COCA-COLA BOTTLING COMPANY OF 

NORTH TEXAS AND COCA-COLA COMPANY

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In two issues, Appellant Walter Pikul claims that the trial court erred by granting summary judgment for Appellee Coca-Cola Bottling Company of North Texas based on limitations and by granting Appellee Kroger Company Store No. 536's motion for directed verdict.  We will affirm.

II.  Factual and Procedural Background

On June 2, 1999, Pikul slipped and fell at Kroger.  Pikul looked to see why he had fallen and noticed a Coca-Cola display.  He saw some scattered cases of Coke off to one side of the door he had entered.  Pikul got up, had his prescriptions filled, and left the store.  Later that evening, Pikul’s right shoulder began hurting, and ten months later, after unsuccessful conservative treatment, Pikul had shoulder surgery.

On June 1, 2001, Pikul sued Kroger and The Coca-Cola Company for damages he suffered as a result of his fall.  The Coca-Cola Company moved for, and obtained, summary judgment on the ground that it was not a proper party to the lawsuit; The Coca-Cola Company owns the patent on Coca-Cola syrup and enters into contracts with individual bottling companies throughout the United States, but does not bottle or sell Coke.
(footnote: 2)  On December 16, 2002, Pikul filed his first amended original petition, naming Coca-Cola Bottling Company of North Texas for the first time as a defendant.  The trial court subsequently granted Coca-Cola Bottling Company of North Texas’s motion for summary judgment on limitations grounds.

Pikul pleaded two causes of action against Kroger, a traditional premises liability cause of action and liability based on an alleged joint venture between Kroger and Coca-Cola Company.  These claims proceeded to trial, but the trial court granted Kroger’s motion for a directed verdict at the conclusion of Pikul’s case in chief.  This appeal followed.

III.  Limitations Summary Judgment for

Coca-Cola Bottling Company of North Texas

A.  Standard of Review

The statute of limitations is an affirmative defense.  
Tex. R. Civ. P.
 94; 
Woods v. William M. Mercer, Inc.,
769 S.W.2d 515, 517 (Tex. 1988).  A defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively that defense's elements.  
Shah v. Moss
, 67 S.W.3d 836, 842 (Tex. 2001); 
Velsicol Chem. Corp. v. Winograd
, 956 S.W.2d 529, 530 (Tex. 1997).  
In reviewing a trial court’s summary judgment, we resolve all doubts against the movant, and we view the evidence in the light most favorable to the nonmovants.  
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999).  Additionally, in determining whether a disputed material fact issue exists, we take as true evidence favorable to the nonmovant.  
Am. Tobacco Co. v. Grinnell, 
951 S.W.2d 420, 425 (Tex. 1997). 
 Accordingly, the burden is on the movant to conclusively establish as a matter of law that limitations is a bar to the action. 
See Rowntree v. Hunsucker
, 833 S.W.2d 103, 104 (Tex. 1992).
  If a movant does establish that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations.  
Woods
, 769 S.W.2d at 518
; 
Zale Corp. v. Rosenbaum
, 520 S.W.2d 889, 891 (Tex. 1975); 
Diamond v. Eighth Ave. 92, L.C., 
105 S.W.3d 691, 695 (Tex. App.—Fort Worth 2003, no pet.)
.

B.  Legal Theories in Avoidance of Limitations

Pikul pleaded that he slipped and fell in Kroger on June 2, 1999.  He filed suit against the Coca-Cola Bottling Company of North Texas on December 16, 2002.  The Coca-Cola Bottling Company of North Texas pleaded the affirmative defense of limitations and moved for summary judgment on this ground.  The Coca-Cola Bottling Company of North Texas conclusively established that Pikul’s December 16, 2002 suit against it for damages from his June 2, 1999 fall was barred by limitations.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003(a) (Vernon 2002) (providing statute of limitations for a personal injury suit is two years); 
Diamond
, 105 S.W.3d at 695.  Thus, the burden shifted to Pikul to adduce summary judgment proof raising a fact issue on every element of some legal theory in avoidance of the statute of limitations.  
See Woods
, 769 S.W.2d at 518.  In his first issue, Pikul points to three theories of avoidance on which he claims genuine issues of material fact exist: assumed name, misnomer, and misidentification. 

1.  Assumed Name

Concerning Pikul’s assumed name contention, rule 28 of the rules of civil procedure provides, in pertinent part, that any corporation doing business under an assumed name may sue or be sued in its assumed name.  
Tex. R. Civ. P.
 28
; Chilkewitz v. Hyson
, 22 S.W.3d 825, 830 (Tex. 1999).  The only summary judgment evidence raised by Pikul on the issue of whether the Coca-Cola Bottling Company of North Texas was doing business under the assumed name of The Coca-Cola Company is a statement made at the beginning of a deposition by counsel for The Coca-Cola Company that he was (before the Coca-Cola Bottling Company of North Texas had been sued) representing “Coca-Cola Bottling Company.”  As a matter of law this preliminary statement by counsel at a deposition is not evidence that Coca-Cola Bottling Company of North Texas was in fact doing business as The Coca-Cola Company.  
See, e.g., Banda v. Garcia
, 955 S.W.2d 270, 272 (Tex. 1997) (holding that normally an attorney’s statements must be under oath to be considered evidence); 
United States Gov't v. Marks
, 949 S.W.2d 320, 326 (Tex. 1997) (same); 
Fullenwider v. Am. Guar. & Liab. Ins. Co.
, 821 S.W.2d 658, 662 (Tex. App.—San Antonio 1991, writ denied) (same).  Because no summary judgment evidence exists raising any issue of fact that the Coca-Cola Bottling Company of North Texas was doing business under the assumed name of The Coca-Cola Company, we hold rule 28 is not applicable to this case.  
See Howell v. Coca-Cola Bottling Co. of Lubbock, Inc.
, 595 S.W.2d 208, 212 (Tex. Civ. App.—Amarillo 1980, writ ref’d n.r.e.) (holding rule 28 inapplicable because nothing in the record indicated the two corporations in question were doing business under an assumed or common name).

2.  Misnomer

Misnomer occurs when the plaintiff misnames either himself or the correct defendant, but the correct parties are actually served.  
Enserch Corp. v. Parker
, 794 S.W.2d 2, 4-5 (Tex. 1990); 
Diamond, 
105 S.W.3d at 695.
  In misnomer cases, a later amendment of the petition relates back to the date of the original petition primarily because the party intended to be sued has been served and put on notice that it is the intended defendant.  
Enserch Corp.
, 794 S.W.2d at 4-5.  

Here, the correct parties were not involved.  Pikul sued The Coca-Cola Company.  The trial court granted a summary judgment to The Coca-Cola Company on the ground that it was not the correct party.  That summary judgment is not challenged here.  Thus, the summary judgment record contains no evidence raising a genuine issue of material fact on whether Pikul misnamed, but actually sued, the correct party in his original petition; the summary judgment for The Coca-Cola Company conclusively establishes the opposite, that Pikul sued the wrong party, The Coca-Cola Company.  We hold that the summary judgment record before us does not support application of the doctrine of misnomer.  
See
 
Diamond, 
105 S.W.3d at 695.

3.  Misidentification
 

Misidentification occurs when two separate legal entities with similar names actually exist and the plaintiff sues the wrong one because he is mistaken about which entity is the correct defendant.  
Chilkewitz
, 22 S.W.3d at 828; 
Enserch Corp
., 794 S.W.2d at 4-5; 
Diamond
, 105 S.W.3d at 695-96.  In cases of misidentification when the wrong legal entity is sued, the limitation period may be equitably tolled if the plaintiff can prove that the proper defendant was not prejudiced by the mistake in pleading.  
Enserch Corp
., 794 S.W.2d at 5; 
Cont'l S. Lines, Inc. v. Hilland
, 528 S.W.2d 828, 831 (Tex. 1975).  To be entitled to equitable tolling, the plaintiff must show that the correct defendant had notice of the suit, was cognizant of the facts, and was not misled or disadvantaged by the mistake.  
Chilkewitz
, 22 S.W.3d at 830; 
Cont'l S. Lines, Inc.
, 528 S.W.2d at 831.

Pikul points to no summary judgment evidence indicating that Coca-Cola Bottling Company of North Texas had notice of Pikul’s suit, was cognizant of the facts surrounding his suit, and was not misled or disadvantaged by Pikul’s mistake in suing The Coca-Cola Company instead of it.  
See Diamond
, 105 S.W.3d at 696.  No summary judgment proof exists in the record before us raising a fact issue concerning the application of the legal theory of misidentification.

Because Coca-Cola Bottling Company of North Texas conclusively established the affirmative defense of limitations and because the record before us does not raise a genuine issue of material fact concerning application of rule 28 or the legal theories of misnomer or misidentification, we overrule Pikul’s first issue.

IV.  Directed Verdict for Kroger

A.  Standard of Review

A directed verdict is proper only when (1) the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent, or (2) the evidence is insufficient to raise a fact issue that must be established before the opponent is entitled to judgment.  
Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.
, 29 S.W.3d 74, 77 (Tex. 2000); 
Cano v. N. Tex. Nephrology Assocs.
, 99 S.W.3d 330, 338 (Tex. App.—Fort Worth 2003, no pet.).  In reviewing a directed verdict, we view the evidence in the light most favorable to the party against whom the verdict was rendered and disregard all contrary evidence and inferences.
  Szczepanik v. First S. Trust Co.
, 883 S.W.2d 648, 649 (Tex. 1994); 
White v. S.W. Bell Tel. Co.
, 651 S.W.2d 260, 262 (Tex. 1983).  If there is any conflicting evidence of probative value that raises a material fact issue on any theory of recovery, a determination of that issue is for the jury.  
Szczepanik
, 883 S.W.2d at 649; 
White
, 651 S.W.2d at 262.

B.  No Evidence Kroger had Notice of Condition

It is undisputed that a business owner owes its invitee a duty to exercise reasonable care to protect him from dangerous conditions in the store that were known or reasonably discoverable. 
See Wal-Mart Stores, Inc. v. Reece
, 81 S.W.3d 812, 814 (Tex. 2002); 
Wal-Mart Stores, Inc. v. Gonzalez
, 968 S.W.2d 934, 936 (Tex. 1998).  Kroger concedes it owed this duty to Pikul but claims that no evidence exists that it had actual or constructive knowledge of the alleged unreasonably dangerous condition.

To prevail in a slip-and-fall premises liability case, the plaintiff must prove, among other things, that the business owner had actual or constructive notice of the dangerous condition.  
Reece
, 81 S.W.3d at 814; 
see also Keetch v. Kroger Co.
, 845 S.W.2d 262, 264 (Tex. 1992); 
Corbin v. Safeway Stores, Inc.
, 648 S.W.2d 292, 295-96 (Tex. 1983).  The slip-and-fall plaintiff may satisfy the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.  
Reece
, 81 S.W.3d at 814.

Here, Pikul concedes that no evidence exists that Kroger actually placed the Coke cartons on the floor or that the Coke cartons were strewn on the floor long enough to give Kroger a reasonable opportunity to discover the condition. Pikul argues, however, that Kroger knew the cartons were on the floor because circumstantial evidence exists imputing the actions of Coca-Cola Bottling Company of North Texas in placing the cartons on the floor to Kroger.  Pikul argues that Kroger had the right to control the work of the Coca-Cola Bottling Company of North Texas employees on its premises and that it should not be allowed to delegate the duty of care it owes to invitees.  As evidence that Kroger had the right to control the work of the Coca-Cola employees on its premises, Pikul points to the testimony of Rodney Colclasure.  Mr. Colclasure did not testify that Kroger possessed the right to control the work of Coca-Cola employees.  Mr. Colclasure testified only that Kroger would tell the Coca-Cola employees where to build the Coke display.  We hold that Kroger’s directions to the Coca-Cola Bottling Company of North Texas employees as to where to build the Coke display do not constitute the exercise of such a degree of control that the actions of the Coca-Cola Bottling Company of North Texas employee building the display are imputed to Kroger.  
See, e.g., Hoechst-Celanese Corp. v. Mendez, 
967 S.W.2d 354, 356 (Tex. 1998).  Likewise, no evidence exists that Kroger and Coca-Cola Bottling Company of North Texas were involved in a joint venture.  
See St. Joseph Hosp. v. Wolff
, 94 S.W.3d 513, 535-36 (Tex. 2002).  We overrule Pikul’s second issue.

V.  Conclusion

Having overruled both of Pikul’s issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: February 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Pikul does not challenge the summary judgment granted in favor of The Coca-Cola Company.