Opinion filed March 30, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00168-CV

_____

## JARED MOORE, Appellant

## V.

## HOOTERS OF AMERICA, LLC, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-19-08-1106-CV**

## M E M O R A N D U M   O P I N I O N

This is an appeal from summary judgment rendered against Appellant, Jared Moore, on traditional and no-evidence grounds. In two issues, Appellant contends that the trial court erred in granting summary judgment. First, Appellant argues that Appellee was the proper party to be named or, alternatively, that TW Restaurant Holder, LLC was effectively sued under Rule 28, the doctrine of misnomer, or the

doctrine of misidentification. Second, Appellant argues that he has set forth more than a scintilla of evidence on his substantive claims. We affirm.

*Factual and Procedural History*

On September 13, 2017, Appellant, Jared Moore, suffered injuries after he was pepper sprayed and shot outside a Hooters in Odessa, Texas, by a hired security guard, Rance Wayne Struck, who was an employee of independent contractor ION Security and Investigations (ION). This Hooters was owned and operated by TW Restaurant Holder, LLC (TWR). Appellee, Hooters of America, LLC, was a parent business entity to TWR.

On August 23, 2019, Appellant filed suit against three parties: Struck, ION, and Appellee. Appellee filed a timely sworn verified denial asserting a defect as to parties.[1] Appellee pled that it was not the company that owned, operated, or leased the premises in Odessa at the time of the incident. Nearly eighteen months later, Appellant issued his first discovery requests, and Appellee identified TWR as a potential party to the lawsuit. Soon after, Appellee filed a motion for summary judgment, asserting grounds for traditional and no-evidence summary judgment, arguing that Appellant had produced no evidence on each element of his claims and that Appellee was the wrong party to be sued.

Appellee's position is that Hooters of America, LLC (HOA) at any relevant time, was never the owner or operator of, nor did it have or exercise control over, the Odessa Hooters restaurant or its premises. To the contrary, the business entity that operated the Odessa restaurant was TWR, a separate LLC from, and a subsidiary company of, Appellee. Appellee's position is further that there was no evidence of HOA employment, direction, control, or duty to train or supervise the ION security

---

[1] ION and Struck also answered, but each settled with Appellant and were dismissed from the lawsuit on February 11, 2021.

guard, Struck. Appellee's summary judgment evidence primarily consisted of the unsworn declaration[2] of Benjamin Benson, the general counsel for HOA. Benson averred that, having personal knowledge:

- HOA and TWR were two different LLC entities.

- At all times relevant, TWR operated the Hooters restaurant in Odessa, Texas, where the incident occurred.

- It was TWR and Struck's employer ION, an independent contractor, that entered into the written contract for the Odessa restaurant's security.

- HOA at any relevant time did not own, operate, or control the Odessa Hooters premises.

- HOA did not hire, train, retain, supervise, furnish, control, or employ any person or agent who worked at the Odessa Hooters.

- HOA did not have any responsibility or role regarding safety or security at the Odessa Hooters.

- TWR did not employ, pay, or equip Struck. Struck did not report to TWR; TWR did not instruct Struck about how to do his work; TWR did not direct Struck to involve himself in the incident; and TWR was not aware that Struck had followed Appellant out of the building and to the parking lot where the incident occurred.

No summary judgment evidence submitted by Appellant materially rebutted the unsworn declaration of Benjamin Benson. Appellant did not complain of any formal defects in the summary judgment evidence, nor did Appellant challenge Benson's personal knowledge or competence as a witness, the basis of his declarations, or the admissibility of that summary judgment evidence. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018).

---

[2]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a), (c), (d) (West 2019).

*Standard of Review*

We review a trial court's grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). When reviewing a summary judgment, we review the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the motion. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). To defeat a no-evidence motion for summary judgment, "the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *see also* TEX. R. CIV. P. 166a(i). Evidence is less than a scintilla "when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *KMS Retail Rowlett, LP*, 593 S.W.3d at 181.

Generally, when a party files for both traditional summary judgment and no-evidence summary judgment, we first review the no-evidence motion for summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). However, "if the movant in a traditional motion challenges a cause of action on an independent ground, we consider that ground first because it would be unnecessary to address whether a plaintiff met his burden as to the no-evidence challenge if the cause of action is barred as a matter of law." *Apollo Expl., LLC v. Apache Corp.*, 631 S.W.3d 502, 515 (Tex. App.—Eastland 2021, pet. granted) (citing *Womack v. Oncor Elec. Delivery Co.*, No. 11-17-00233-CV, 2019 WL 3023516, at *3 (Tex. App.—Eastland July 11, 2019, pet. denied) (mem. op., not designated for publication)). In the no-evidence summary judgment motion filed in this matter, Appellant has the entire burden of production. *See* TEX. R. CIV. P. 166a(i); *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017). It was incumbent on Appellant to raise a

genuine issue of material fact supported by summary judgment evidence about those elements challenged by the no-evidence motion. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017); *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex. App.—Texarkana 1998, orig. proceeding); *see* TEX. R. CIV. P. 166a(i).

*Analysis*

As stated, we typically review a no-evidence motion for summary judgment before a traditional summary judgment motion. However, Appellee's traditional summary judgment motion challenges Appellant's suit on grounds independent from the no-evidence motion: who is (or should be) a party to the lawsuit. Therefore, we consider it first.

I. *Traditional Motion for Summary Judgment*

Notwithstanding all other issues raised, where Appellant did not timely sue and serve TWR, and where no material fact question is raised by summary judgment evidence demonstrating that HOA is a proper party with potential liability, then we must affirm the trial court's granting of summary judgment. Although Appellant sued only Appellee, he contends that we should permit late suit against TWR. Appellant relies on Rule 28 of the Texas Rules of Civil Procedure to argue that, as a matter of law, TWR was properly sued by naming Hooters, using its "assumed or common name." Alternatively, Appellant argues that the doctrines of misnomer and misidentification apply, permitting Appellant to replead against TWR despite the statute of limitations and despite never having formally amended his petition to include TWR as a named defendant or served that entity. We examine each argument in turn.

The issue before us is a common one where commercial branding with an assumed or trade name such as "Hooters" is used as a marketing tool for business enterprises. *See, e.g.*, *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 53 (Tex.

2003) (discussing the permissive use of assumed names in Texas). Corporations, including, as here, limited liability corporations (LLCs), are separate legal entities that insulate owners and/or shareholders from personal responsibility. *Pabich v. Kellar*, 71 S.W.3d 500, 507 (Tex. App.—Fort Worth 2002, pet. denied). Accordingly, there is nothing illegal or wrong with a growing business dividing sectors of that business and/or assets and separating them into distinct corporations or businesses, even if one of the reasons for doing so is to minimize the assets at risk in the event of a liability lawsuit. Subsidiary and parent corporations are separate and distinct "persons" as a matter of law. *Lenoir v. U.T. Physicians*, 491 S.W.3d 68, 88 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). In Texas, corporate entities are *presumed* to be separate distinct entities. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002). Appellant offers no evidence that HOA and TW, as parent company and subsidiary, are anything other than legitimate separate businesses.

Rule 28 permits a suit against a business entity in its assumed or common name. *Wilkins v. Methodist Health Care Sys.*, 108 S.W.3d 565, 569 (Tex. App.—Houston [14th Dist.] 2003, *rev'd on other grounds*, 160 S.W.3d 559 (Tex. 2005); *Howell v. Coca-Cola Bottling Co. of Lubbock*, 595 S.W.2d 208, 211 (Tex. App.—Amarillo 1980, writ ref'd n.r.e.). Rule 28 reads in full as follows:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

TEX. R. CIV. P. 28. A misnomer can be corrected by amendment even after the statute of limitations expires. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 326 (Tex. 2009) (the amendment relates back to the original filing date).

But if sued in its assumed or common name, "[b]efore judgment, the plaintiff must amend the petition to add the correct legal name of the actual defendant." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 829 (Tex. 1999) (citing *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 760–61 (Tex. 1995)).

Here, an important fact that we must consider in applying Rule 28 is that Appellant never served TWR. Appellant never attempted to bring TWR into the lawsuit, nor did he amend his petition to name that entity. *See Bailey*, 894 S.W.2d at 760, *disapproved of on other grounds by Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999).[3] Appellant claims that he exercised diligence and sued TWR in its common name. Appellant did not sue "Hooters." Rather, he sued Appellee, not in its common name, but sued the wrong corporation in its proper corporate name— Hooters of America, LLC. Appellant would have us fully substitute one legal entity—HOA—for another—TWR—under Rule 28, and that is not the rule's purpose. *See Cont'l S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 830 (Tex. 1975) ("The suit was not brought against an entity in its assumed or trade name, 'Continental Trailways.' It was brought against a Texas corporation, Continental Trailways, Inc., upon which service was had. Service was not had upon Continental Southern Lines, Inc."). Rule 28 does not apply to Appellant's suit. *See Howell*, 595 S.W.2d at 211–12) ("The cause was originally filed against one corporation, Coca-Cola Bottling Company, in its corporate name. Subsequently, suit was filed against a second corporation with a different name and after the statutory time limit for

---

[3]Appellant responded to the motion for summary judgment by claiming that the statute of limitations would have barred adding TWR as a party. This argument was not raised on appeal, and there is ample case law contrary to that position. *See Chilkewitz*, 22 S.W.3d at 827; *Harris v. Pioneer Nat. Res. USA, Inc.*, No. 11-18-00114-CV 2020 WL 1942603 at *1 (Tex. App.—Eastland Apr. 23, 2020, no pet.) (mem. op., not designated for publication); *Virrey v. Foodmaker, Inc.*, No. 05-95-00231-CV, 1995 WL 731038, at *1 (Tex. App.—Dallas Dec. 8, 1995, no writ); *Howell*, 595 S.W.2d at 211.

bringing suit had expired. Rule 28 is not, under these facts, available to lift the bar of the statute of limitations.").

Neither the doctrine of misnomer nor that of misidentification apply. Texas courts recognize a distinction between misnomer and misidentification. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990). A misnomer arises when a plaintiff sues the correct entity but misnames it in the pleadings. *Greater Houston Orthopaedic Specialists*, 295 S.W.3d at 325. Here Appellant sued the wrong entity. Courts generally allow a party to correct a misnomer by permitting the subsequent amendment to relate back to the filing date of the original petition. *Id.*; *Parker*, 794 S.W.2d at 4–5. Courts are more flexible in misnomer cases because the correct defendant has been served and has notice that it is the intended defendant. *Greater Houston Orthopaedic Specialists*, 295 S.W.3d at 325–26. Here the correct entity, TWR, was never named or served, and there is no evidence in the record that TWR received notice. Suit filed against an erroneous defendant imposes no duty on the correct entity to intervene and point out a plaintiff's error. *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984).

In the alternative, Appellant asserts that he misidentified the intended defendant when he sued Appellee rather than TWR, the entity that Appellee's summary judgment evidence shows actually owned and operated the premises. Misidentification occurs when two separate legal entities have similar names and the plaintiff sues the wrong one. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017). Misidentification consequences are generally harsh, and it "arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." *Id.*; *Chilkewitz*, 22 S.W.3d at 828. If a plaintiff is mistaken as to which of two similarly named defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant, that is misidentification. *Exxon Mobil Corp*, 520 S.W.3d at 594. HOA

8

and TWR are not similar names between which Appellant could become confused and the alternate theory of misidentification fails under these facts.

Concluding that Rule 28 and the doctrines of misnomer and misidentification are inapplicable, we overrule Appellant's first issue.

II. *No-Evidence Motion for Summary Judgment*

In his second issue, Appellant argues that the trial court erred in granting Appellee's no-evidence motion for summary judgment. Appellant sued for negligence, failure to train and supervise, gross negligence, malice, and assault and battery based on theories of vicarious liability and respondeat superior. These causes of action require a legal duty born of the factual relationship between the parties. Although Appellee contended that each and every element of each and every claim lacked evidence, the focus of both parties was the relationship between Struck and Appellee. Appellant argues that either Appellee or TWR had a duty to Appellant. As per our previous analysis, TWR is not a party to this suit, nor was it effectively brought in. Appellant's alleged causes of action lie in tort. We therefore examine only the duty, if any, that Appellee had to Appellant.

First, Texas courts have held that a parent corporation does not have a duty to control and is not generally liable for the torts of its subsidiaries. *R&M Mixed Beverage Consultants, Inc. v. Safe Harbor Benefits, Inc.*, 578 S.W.3d 218, 229–30 (Tex. App.—El Paso 2019, no pet.) (citing *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984)). The limitation on liability afforded by the corporate structure should only be disregarded to the extent that it has been used as an unfair device to achieve an inequitable result. *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 451 (Tex. 2008). Such examples are to perpetuate fraud, evade existing obligations, achieve or perpetuate a monopoly, circumvent a statute, protect a crime, or justify a wrong. *Id.* Here, there is no summary judgment evidence that allows us to hold that Appellee is liable for the alleged tortious acts or omissions of TWR.

Second, no summary judgment evidence before the trial court created a material fact question as to any alleged duty of HOA to Appellant, *or any relationship between them at all*. To prove an action in tort, a party must establish that the defendant had a legal duty. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). The existence of duty is generally a question of law. *Pagayon v. Exon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017). As to HOA, there is no summary judgment evidence of a relationship—statutory, contractual, common law (as employer, hirer or one affirmatively exercising direction and control) or otherwise—from which a duty to Appellant arises. *See Greater Houston Transp. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). Appellee did not own, operate, or control the Hooters restaurant in Odessa before or on the date of the incident. Therefore, to defeat summary judgment regarding Appellee's lack of liability, Appellant would have to provide evidence that Appellee used the corporate form (i.e., TWR) as an unfair device to achieve an inequitable result. *See SSP Partners*, 275 S.W.3d at 454. There is no evidence in the record of such a use here.

Appellee's answer to the lawsuit and verified denial comported with all the necessary rules of procedure and clearly asserted a defect in parties. Appellant filed suit twenty-one days before the statute of limitations expired and by the time Appellee filed a timely response, the statute of limitations barred Appellant's claims against TWR. Regardless, even after Appellee clearly disputed its inclusion in the suit by verified denial, discovery did not go forward in an effort to investigate the alleged party defect. Appellant did not name and serve TWR in reliance on Rule 28 or any other alternative theory of justified mistake. Appellant pursued only the parent company HOA. This court may not retroactively substitute the correct party on Appellant's behalf or ignore the petition as pleaded, the parties as erroneously named, and the absence of a legal duty owed by Appellee to Appellant;

consequently, nor may we overturn the trial court's judgment. *See Bailey*, 894 S.W.2d at 761.

The trial court properly granted Appellee's summary judgment motions. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


March 30, 2023

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J. [4]

Trotter, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.